**UNITED STATES of America,**
**Appellee,**

v.

**Adrian MALDONADO, Defendant–**
**Appellant.**

No. 00–1646.

United States Court of Appeals,
Second Circuit.

Oct. 3, 2001.

Jeremy G. Epstein, Shearman & Sterling, Judith H. Germano, on the brief, New York, NY, for appellant.

Julie Myers, Assistant United States Attorney, Eastern District of New York; Emily Berger, Assistant United States Attorney, on the brief, for Loretta E. Lynch, United States Attorney, Brooklyn, NY, for appellee.

Present JOHN M. WALKER, JR., Chief Judge, LEVAL, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Defendant Adrian Maldonado appeals from a September 19, 2000 judgment convicting him of violating 18 U.S.C. § 922(g), as a felon in possession of a weapon, and sentenced pursuant to 924(e). Maldonado contends that trial counsel provided ineffective assistance on several grounds, including failure to object to a stipulation on prior felonies, a show up and photo array identification, a constructive possession charge, and a special verdict form.

First, defendant argues that his attorney fell below reasonable standards in failing to object to the presentation of three felony convictions to the jury, because under *United States v. Baldwin*, 186 F.3d 99, 101 (2d Cir.) (per curiam), *cert. denied*, 528 U.S. 1033, 120 S.Ct. 558, 145 L.Ed.2d 433 (1999), predicate convictions are not proper matters for the jury, but are instead sentencing factors. Thus, counsel had no reason to stipulate to them and admit prejudicial information before the jury. At the time, however, certiorari had been granted in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147

L.Ed.2d 435 (2000), but the case had not yet been decided. Counsel could reasonably have anticipated that the Supreme Court would rule, as it did rule, that aggravating factors that increase the sentence above the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. *Id.* at 490, 120 S.Ct. 2348. Counsel therefore had good reason to believe that the trial judge might require submission of the prior convictions to the jury, to protect the record lest the Supreme Court's decision invalidate the trial. Thus, counsel may well have made a tactical choice, agreeing to a stipulation that guarded against the jury hearing the nature of defendant's criminal conduct. In any event, the failure to object was not prejudicial. Given the uncertain state of the law and *Apprendi*, the district court might well have required that the evidence of prior convictions be presented to the jury.

Second, defendant protests trial counsel's failure to demand a *Wade* hearing on the show up identification. *United States v. Wade*, 388 U.S. 218, 235–37, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). We find no basis supporting any such objection. The police acted reasonably. Having stopped a car matching the description of witnesses, they promptly confronted a witness to be sure that they had arrested the right people. Speed was essential. If the police had arrested the wrong individuals they needed to release those improperly arrested and continue their search. The show up identification was therefore not unnecessarily suggestive. *United States v. Bautista*, 23 F.3d 726, 729–30 (2d Cir. 1994).

Further, defendant objects to the subsequent photo array identification, which included only the three photographs of those arrested, arguing that counsel should have objected to failure to include any other persons other than the perpetrators. However, the perpetrators had already been identified. The photo array was used to elicit which of the three performed which acts. The photo array did not contribute to identification of the perpetrators.

Third, defendant argues ineffective assistance for failure to object to a charge on constructive possession of the gun, arguing that the charge was inconsistent with our recent decision in *United States v. Samaria*, 239 F.3d 228, 239 (2d Cir. 2001), in that there was no showing of dominion or control over the weapon. We disagree. The facts here are unlike those in *Samaria*, in which the defendant was merely present. Maldonado was sitting in the front passenger seat on top of the ammunition and magazine; the gun was on the floor of the car behind the driver's seat, within reach of his left hand. Dominion and control were shown.

Finally, defendant argues that trial counsel should have requested a special verdict form, because there was a danger of a compromise verdict where some jurors might have found him guilty of possession of the gun, others of the ammunition, without all twelve agreeing on the possession of any one illegal object. No authority holds that a court is obliged to use a special verdict form in such circumstances. *See United States v. Margiotta*, 646 F.2d 729, 733–34 (2d Cir.1981). The government had requested a special verdict form, and the court had declined to use it. Under the circumstances, it was not unreasonable for counsel to assume that the court had already ruled on the issue. Furthermore, the court specifically charged the jurors that they must unanimously agree on which object the defendant knowingly possessed in order to render a guilty verdict.

We have considered defendant's remaining claims and find them without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.