**UNITED STATES of America, Appellee,**

v.

**Fredderick BALDWIN, aka Frank Keith, Defendant–Appellant.**

**Docket No. 98–1545**

United States Court of Appeals, Second Circuit.

Argued: June 15, 1999

Decided: July 28, 1999

**100**

Robert A. Culp, New York, New York (Jason L. Solotaroff, New York, New York, on the brief), for Defendant–Appellant.

Cecil C. Scott, Assistant United States Attorney for the Eastern District of New York (Zachary W. Carter, United States Attorney, David C. James, Assistant United States Attorney, on the brief), for Appellee.

Before: McLAUGHLIN and CABRANES, Circuit Judges, and CARTER, District Judge.[*]

PER CURIAM:

Fredderick Baldwin appeals from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*), convicting him, following a jury trial, of violating 18 U.S.C. § 922(g),[1] the statute that bars persons previously convicted of at least one felony from possessing firearms. The District Court sentenced Baldwin to 300 months of incarceration, followed by five years of supervised release, and imposed a $100 special assessment. Baldwin's term of imprisonment reflected the enhanced penalties applicable, pursuant to 18 U.S.C. § 924(e),[2] to violations of § 922(g) by persons having previously committed at least three qualifying felonies. Having determined that all of Baldwin's other arguments lack merit, we write to consider just one of his contentions—namely, that the District Court erred in enhancing Baldwin's sentence under § 924(e) because the three predicate felony convictions used for the enhancement were neither listed in the indictment nor proven to the jury beyond a reasonable doubt.[3] Instead, the District Court deter-

---

[*] The Honorable Robert L. Carter, of the United States District Court for the Southern District of New York, sitting by designation.

1. Section 922(g) provides, in pertinent part, as follows:

It shall be unlawful for any person—
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

. . . . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
18 U.S.C. § 922(g).

2. Section 924(e) provides, in pertinent part, as follows:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent

felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
18 U.S.C. § 924(e)(1).

3. The indictment did cite § 924(e) and alleged that Baldwin had been convicted of three felonies ("two violent felonies and one serious drug offense") as defined in that provision. Seven months before trial and eighteen months before Baldwin was sentenced, the Government furnished Baldwin with discovery materials that included his complete criminal history. After Baldwin was convicted, but a full three months before he was sentenced, the Government filed a letter indicating that it intended to rely on three specific

mined at sentencing—without explicitly deciding between a reasonable-doubt or preponderance-of-the-evidence standard— that Baldwin had three predicate convictions on his record.

## I.

Consistent with norms of due process, a defendant may only be found guilty of an offense whose elements have been listed in the indictment, *see Almendarez–Torres v. United States*, 523 U.S. 224, ——, 118 S.Ct. 1219, 1223, 140 L.Ed.2d 350 (1998) (citing *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)), and proven to the finder of fact beyond a reasonable doubt, *see In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *see also Jones v. United States*, —— U.S. ——, —— & n. 6, 119 S.Ct. 1215, 1224 & n. 6, 143 L.Ed.2d 311 (1999) (noting that judicial determination of an element of the offense, absent waiver of the right to a jury trial, may violate the Sixth Amendment). However, these strictures do not apply to "factors relevant only to the *sentencing* of an offender found guilty of the charged crime." *Almendarez–Torres*, 523 U.S. at ——, 118 S.Ct. at 1223 (emphasis added). Whatever considerations may distinguish the class of offense elements, on the one hand, from the class of sentencing factors, on the other, it is clear that the factor at issue in this case—recidivism—is relevant only to sentencing.

■■■ Initially, as a matter of statutory construction, it is evident that Congress understood § 924(e) as a mechanism for sentence enhancement, rather than as a provision defining a free-standing offense. Section 924(e) explicitly applies only to a subset of those persons who have "vio-

violent felony convictions, rather than the types of convictions ("two violent felonies and one serious drug offense") mentioned in the indictment.

4. We do not mean to suggest that every statutory requirement of a prior conviction functions as a sentencing factor rather than an element of the offense. For example,

late[d] section 922(g)." 18 U.S.C § 924(e). Although mindful of the limited role of statutory headings in textual interpretation, *see, e.g., Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, ——, 118 S.Ct. 1952, 1956, 141 L.Ed.2d 215 (1998), we note also that § 922 is captioned "Unlawful acts," whereas § 924 bears the caption "Penalties."

■■■ Our interpretation of Congress's intent does not end the matter, for we must still determine whether the Constitution allows the factor at issue to be omitted from the indictment and from determination beyond reasonable doubt. *See Mullaney v. Wilbur*, 421 U.S. 684, 698, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) (court adjudicating due process claim should not give conclusive weight to legislature's formal distinction between offense elements and sentencing factors). Significantly, however, the Supreme Court has made clear its view that "recidivism ... is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." *Almendarez–Torres*, 523 U.S. at ——, 118 S.Ct. at 1230 (citations omitted). And to hold that "the Constitution requires that recidivism be deemed an 'element' of [the] offense would mark an abrupt departure from a longstanding tradition of treating recidivism as 'go[ing] to the punishment only.'" *Id.* at ——, 118 S.Ct. at 1231 (quoting *Graham v. West Virginia*, 224 U.S. 616, 629, 32 S.Ct. 583, 56 L.Ed. 917 (1912)). At least where, as here, a recidivism enhancement turns on the existence of prior *convictions*, the earlier proceedings that resulted in those convictions will have afforded the defendant a thorough opportunity to contest his guilt.[4] Such a prior conviction "must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees." *Jones*, —— U.S. at ——, 119 S.Ct. at 1227.

§ 922(g)(1) explicitly treats a single prior felony conviction as an element of the felon-in-possession offense. *See* 18 U.S.C. § 922(g)(1); *see also Almendarez–Torres*, 523 U.S. at ——, 118 S.Ct. at 1224 (noting that § 922(g)(1) makes a prior felony conviction an element of the offense, but distinguishing that section from sentence enhancement provisions on the ground that § 922(g)(1) crimi-

## II.

For the foregoing reasons, we conclude that the existence of the three prior felony convictions necessary for a sentencing enhancement pursuant to § 924(e) is a sentencing factor, rather than an element of the offense. Accordingly, we hold that the District Court properly determined the existence of these predicate offenses. Having concluded that Baldwin's other claims on appeal are lacking in merit, we affirm the judgment of the District Court.

nalizes conduct for felons that would be legal for non-felons).