**UNITED STATES of America,**
**Appellee,**

v.

**Ramon E. SANTIAGO, aka "YoYo",**
**Defendant–Appellant.**

**Docket No. 98–1674.**

United States Court of Appeals,
Second Circuit.

Argued May 18, 2001.

Decided Oct. 15, 2001.

Edward S. Zas, The Legal Aid Society, Federal Defender Division Appeals Bureau, New York, NY, for defendant-appellant.

Robert M. Appleton, Assistant United States Attorney, Bridgeport, CT, for Stephen C. Robinson, United States Attorney for the District of Connecticut, for appellee.

Before FEINBERG, LEVAL, and SOTOMAYOR, Circuit Judges.

SOTOMAYOR, Circuit Judge:

Defendant-appellant Ramon Santiago appeals from a judgment of the United States District Court for the District of Connecticut (Alan H. Nevas, *Judge*) convicting him of one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).[1] Having found defendant to have three serious prior convictions, each arising from offenses committed on different occasions, the district judge sentenced defendant principally to fifteen years' imprisonment pursuant to 18 U.S.C. § 924(e).[2] Defendant argues on appeal

---

**1.** § 922(g) reads, in relevant part, "[i]t shall be unlawful for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm or ammunition...." 18 U.S.C. § 922(g)(1).

**2.** 18 U.S.C. § 924(e) states:

In the case of a person who violates section 922(g) of this title and has three previ-

that, under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the predicate facts supporting sentencing enhancement under § 924(e) must be considered elements of a separate, aggravated offense and must be charged in the indictment and found by a jury beyond a reasonable doubt. Because the indictment in this case failed to charge these facts, defendant argues that we must vacate and remand for resentencing. We disagree and affirm the judgment of the district court.

## BACKGROUND

Defendant was a member of the Latin Kings, a Connecticut-based criminal organization engaged in narcotics trafficking. On January 20, 1997, a Bridgeport police officer saw defendant running and firing a handgun four or five times. He called for back-up assistance, and the police later apprehended defendant and recovered a semi-automatic firearm nearby. Officers also recovered two .25 caliber shells near where defendant had fired the gun. Witnesses claim that they saw defendant begin firing the gun as a narcotics transaction turned violent. During his plea allocution, defendant admitted that he was a previously convicted felon and had, on this occasion, been in possession of a firearm.

On June 15, 1998, defendant agreed to plead guilty "to count One of the indictment, which count charges him with the unlawful possession of a firearm, in violation of Title 18 U.S.C. §§ 922(g) and 924(e)"[3] and entered a plea of guilty the same day. At the sentencing hearing on October 27, 1998, the district court sentenced defendant to § 924(e)'s mandatory minimum term of imprisonment of fifteen years. Had defendant not been found to have had three prior convictions committed on separate occasions under § 924(e), the maximum prison term permitted under § 922(g) would have been ten years.[4] *See* 18 U.S.C. § 924(a)(2).

On appeal, defendant claims that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the statutory requirement of "three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another," 18 U.S.C. § 924(e)(1), is not a sentencing factor which may be determined by a judge, but rather is an element of a separate, greater offense which must be charged in an indictment and found by a jury beyond a reasonable doubt. Defen-

---

ous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

3. In fact, the indictment charged Santiago with violation of § 922(g)(1) and § 924(a)(2), not § 924(e). 18 U.S.C. § 924(a)(2) is a sentencing provision establishing a ten-year max-

imum penalty for violations of § 922(g). Because we hold that the prior-felony provisions of § 924(e) are not elements that must be charged in the indictment, we attach no significance to the indictment's reference to § 924(a)(2). We note that defendant has not argued that the indictment's reference to § 924(a)(2) by itself (as opposed to the *absence* of reference to the three prior convictions requirement of § 924(e)) constrained the district court's ability to impose a sentence greater than ten years, and we express no opinion as to the merits of such an argument.

4. The Sentencing Guideline range found by the district court was from 135 to 168 months' imprisonment.

dant argues that the exception left open in *Apprendi* for the "fact of a prior conviction" as under the Supreme Court's decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), does not cover the separate requirement under § 924(e) that convictions be "committed on occasions different from one another." Moreover, defendant claims that even if so, *Almendarez–Torres* itself has been "fatally undermined" by *Apprendi* and is no longer good law. Defendant maintains that because the indictment did not allege that defendant had been convicted of three qualifying crimes "committed on occasions different from one another," his fifteen-year prison sentence exceeds the statutory maximum for the crime charged and must be vacated. We disagree.

## DISCUSSION

In 1998, the Supreme Court held in *Almendarez–Torres* that 8 U.S.C. § 1326(b)(2), which enhances the penalty for the illegal return of an alien to the United States if his or her initial removal was subsequent to an aggravated felony conviction, does not describe a separate crime, such that the fact of the prior felony conviction must be charged in an indictment and proven to a jury beyond a reasonable doubt; rather, it describes a penalty provision authorizing a court to increase the sentence for a recidivist.[5] *Almendarez–Torres*, 523 U.S. at 228–35, 118 S.Ct. 1219. Moreover, the Court said, Congress violated no constitutional constraints in defining recidivism as a sentencing factor rather than as an element

of a separate crime. *Id.* at 247, 118 S.Ct. 1219.

■ In *United States v. Baldwin*, 186 F.3d 99 (2d Cir.1999), this Court applied *Almendarez–Torres* to the statute at issue in the instant appeal, holding that the requirement of three prior felony convictions under 18 U.S.C. § 924(e) is a sentencing factor to be considered by the judge, not a separate element or offense requiring a jury determination. We explained that "[w]hatever considerations may distinguish the class of offense elements, on the one hand, from the class of sentencing factors, on the other, it is clear that the factor at issue in this case—recidivism—is relevant only to sentencing." *Id.* at 101. We concluded that Congress enacted Section 924(e) as "a mechanism for sentence enhancement, rather than as a provision defining a free-standing offense," and we saw no constitutional impediment to Congress so defining the crime. *Id.* We are bound by *Baldwin* unless it has been called into question by an intervening Supreme Court decision or by one of this Court sitting *in banc*. *See BankBoston, N.A. v. Sokolowski*, 205 F.3d 532, 534–35 (2d Cir.2000) (stating that "[t]his Court is bound by a decision of a prior panel unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court *en banc*") (internal quotation marks omitted).

■ Defendant contends that *Apprendi* is just such an intervening case, in which the Supreme Court held that, as a matter of constitutional due process, "[o]ther than the fact of a prior conviction,

**5.** 8 U.S.C. § 1326(a) makes it a crime for a deported alien to return to the United States without special permission and authorizes a maximum prison term of two years. Subsection (b)(2) authorizes a maximum prison term of twenty years for "any alien described" in subsection (a), if the initial "removal was

subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). (Prior to the statute's amendment in 1996, and as applied in *Almendarez–Torres*, the word "deportation" was used instead of "removal." *Almendarez–Torres*, 523 U.S. at 229, 118 S.Ct. 1219.)

any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. Defendant claims that because the indictment did not specifically identify three prior convictions committed on different occasions, the district court erred when it increased his sentence, pursuant to Section 924(e), above the ten-year statutory maximum prescribed in § 924(a)(2). As already noted, however, *Apprendi* explicitly carved out an exception for "the fact of a prior conviction." *Id.* By so doing, the Supreme Court did not need to reach the question of whether to overrule *Almendarez–Torres. See id.* at 489–90, 120 S.Ct. 2348. As we have previously commented, *see United States v. Latorre–Benavides,* 241 F.3d 262, 263–64 (2d Cir.2001), *Almendarez–Torres* remains good law, at least for now,[6] and *Baldwin,* which relied

on *Almendarez–Torres,* will remain so until the Supreme Court rules otherwise. We thus continue to be bound by and hereby reaffirm *Baldwin,* which held that under Section 924(e) the fact of prior convictions is not a separate element of the crime but "is relevant only to sentencing." *Baldwin,* 186 F.3d at 101.

■ Defendant also claims that *Apprendi's* recidivism exception does not encompass the issue of whether prior convictions arose from offenses "committed on occasions different from one another"—arguing that even if *Almendarez–Torres* and *Baldwin* are still good law, they are not on point here, because even if *Apprendi* permits judges to determine the *fact* of prior convictions, it reserves the "different occasions" issue for a jury. While we agree that *Baldwin* does not completely dispose of this argument, we disagree with defendant's proposed rule.[7]

6. Defendant argues that *Apprendi* "fatally undermines" *Almendarez–Torres.* Specifically, he notes that in his *Apprendi* concurrence, Justice Thomas, who joined the 5–4 *Almendarez–Torres* majority, criticized his own vote in *Almendarez–Torres,* stating that "one of the chief errors of *Almendarez–Torres*—an error to which I succumbed—was to attempt to discern whether a particular fact is traditionally (or typically) a basis for a sentencing court to increase an offender's sentence." *Apprendi,* 530 U.S. at 520, 120 S.Ct. 2348 (Thomas, J., concurring). The proper analysis, Justice Thomas continued, was instead "the way by which a fact enters into the sentence. If a fact is by law the basis for imposing or increasing punishment ... it is an element." *Id.* at 521, 120 S.Ct. 2348. Thus, explained Justice Thomas, "it is evident why the fact of a prior conviction is an element under a recidivism statute." *Id.*

Defendant also points out that even the majority opinion notes that "it is arguable that *Almendarez–Torres* was incorrectly decided." *Id.* at 489, 120 S.Ct. 2348. The majority goes on to state, however, that the Court need not revisit that decision to decide *Apprendi* and that *Almendarez Torres* thus sur-

vives as an exception to the rule announced in *Apprendi. Id.* at 490, 120 S.Ct. 2348.

Defendant's reliance on the statements of the majority and Justice Thomas is misplaced. It is not within our purview to anticipate whether the Supreme Court may one day overrule its existing precedent. "[I]f a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions." *Agostini v. Felton,* 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) (internal quotation marks omitted).

7. We note that defendant does not claim that, as a matter of statutory construction, the separateness of the three prior felony convictions under § 924(e) should be considered an element of an aggravated offense, nor can we imagine any reason to so consider it. To the extent that *Baldwin* did not specifically so hold, we now hold that both the facts of the three prior convictions and the fact of their having been committed on "separate occasions" are sentencing factors under § 924(e), not elements of a separate offense.

First, we are not persuaded by the defendant's contention that the separateness of the prior convictions can be distinguished from the mere fact of their existence because the former is often "controversial" while the latter is not. While the *Almendarez-Torres* exception to the *Apprendi* rule—that judges may find "the fact of a prior conviction" for sentencing purposes—typically involves a relatively uncontested record, this is by no means always the case. The determination of "the fact of a prior conviction" implicitly entails many subsidiary findings, not the least of which is that the defendant being sentenced is the *same* defendant who previously was convicted of those prior offenses, a fact that could be quite controversial indeed. Determination of this question would not necessarily come with the "procedural safeguards" noted in *Apprendi. See Apprendi,* 530 U.S. at 488, 120 S.Ct. 2348. Thus, the separateness of the convictions is not a fact which is different in kind from the types of facts already left to the sentencing judge by *Almendarez-Torres* and *Apprendi*—only, at most, one which is somewhat more likely to be contested over the run of cases. We are unpersuaded that this difference has any constitutional significance.

Moreover, there are good reasons for not reading *Apprendi's* language as narrowly as defendant urges. Recidivism has traditionally been an issue for judges, not juries. The contrary view—treating recidivism as a substantive criminal offense—would be problematic. As the Supreme Court noted in *Almendarez-Torres*, "the introduction of evidence of a defendant's prior crimes risks significant prejudice." *Almendarez-Torres,* 523 U.S. at 235, 118 S.Ct. 1219. The Court stated that even if a defendant stipulated to prior convictions to keep the details of previous offenses from the jury, *see Old Chief v. United States,* 519 U.S. 172, 178–79, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), "jurors would still learn, from the indictment, the judge, or the prosecutor, that the defendant had committed an *aggravated* felony." *Almendarez-Torres,* 523 U.S. at 235, 118 S.Ct. 1219. While some defendants might benefit from a requirement that all facts—except the fact of prior conviction, interpreted in the narrowest possible sense—be found by a jury beyond a reasonable doubt, as a matter of general policy, such a requirement is far more likely to prejudice rather than protect defendants.

Finally, as pointed out in *Almendarez-Torres*, recidivism has long been considered a distinct issue because "recidivism 'does not relate to the commission of the offense, *but goes to the punishment only.*'" *Id.* at 244, 118 S.Ct. 1219 (quoting *Graham v. West Virginia,* 224 U.S. 616, 629, 32 S.Ct. 583, 56 L.Ed. 917 (1912)) (emphasis in original). Nothing in *Apprendi* itself—as it involved a hate crime statute enhancing sentences based on the motivation underlying the crime—calls that distinction into question. *Almendarez-Torres* explains why recidivism requires special treatment, and absent an explicit Supreme Court ruling to the contrary, we decline to institute a policy that runs counter to the principles set forth in that opinion.

In short, we read *Apprendi* as leaving to the judge, consistent with due process, the task of finding not only the mere fact of previous convictions but other related issues as well. Judges frequently must make factual determinations for sentencing, so it is hardly anomalous to require that they also determine the "who, what, when, and where" of a prior conviction. Whether this exception to the rule announced in *Apprendi* extends to *all* issues related to recidivism, we need not decide at this time; we are satisfied, however,

that § 924(e)'s "different occasions" requirement falls safely within the range of facts traditionally found by judges at sentencing and is sufficiently interwoven with the facts of the prior crimes that *Apprendi* does not require different fact-finders and different burdens of proof for Section 924(e)'s various requirements.[8]

## CONCLUSION

For the foregoing reasons, we conclude that under 18 U.S.C. § 924(e) the existence of three prior felony convictions for offenses committed on separate occasions is a sentencing factor, not an offense element. We hold that the district court properly determined the existence of these predicate offenses and affirm the judgment of the district court.

**8.** Our ruling furthermore makes it unnecessary for us to decide whether a fact that must be submitted to the jury under *Apprendi* must necessarily also be pleaded in the indictment.