**UNITED STATES of America,**
**Appellee,**

v.

**Derrick HOLMAN, Defendant–**
**Appellant.**

No. 04–1180.

United States Court of Appeals,
Second Circuit.

April 7, 2005.

Appeal from United States District Court for the Southern District of New York (Kimba M. Wood, Judge).

Barry D. Leiwant, The Legal Aid Society, New York, NY, for Appellant.

David N. Kelley, United States Attorney for the Southern District of New York (Katherine A. Lemire, Harry Sandick, Assistant United States Attorneys), New York, NY, for Appellee, of counsel.

Present: OAKES, KEARSE, and SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of conviction and sentence are AFFIRMED.

Defendant–Appellant Derrick Holman challenges the sentence he received under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). In sentencing Holman, the district court found that he had committed three predicate felonies on separate occasions. Pursuant to the ACCA, the court sentenced Holman to a mandatory minimum term of fifteen years. Holman argues on appeal that the court violated his Sixth Amendment rights by sentencing him on the basis of facts found by the judge rather than by a jury.

In pleading guilty, Holman expressly reserved for sentencing the factual determinations necessary for his designation as an armed career criminal under section 924(e). Plea Proc. Tr. at 15 (May 27, 2003). Holman argued that deferring such factual determinations to sentencing was "consistent with Second Circuit case law in this matter." *Id.* The Second Circuit case law to which Holman referred held then as it holds now that the facts necessary to support a sentence under section 924(e) are sentencing factors that may be determined by the court at sentencing consistent with the Sixth Amendment, in accordance with *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct.

2348, 147 L.Ed.2d 435 (2000). *United States v. Santiago,* 268 F.3d 151, 155–56 (2d Cir.2001). By arguing that those determinations should be reserved for the court at sentencing in accordance with Second Circuit case law, Holman waived the right to assert on appeal that the court's making those determinations violated his constitutional rights under *Apprendi. See United States v. Yu–Leung,* 51 F.3d 1116, 1122 (2d Cir.1995).

■ Even if the issue were properly preserved, however, we would conclude that Holman's contentions were without merit. The claim raised in *Santiago* was identical to that raised here. We concluded there that a factual finding that predicate offenses occurred on separate occasions was not "different in kind" from the factual finding of the conviction itself. *Santiago,* 268 F.3d at 155–56. We reasoned that the rule of *Almendarez–Torres,* 523 U.S. at 226–27, as confirmed by *Apprendi,* 530 U.S. at 490, implied that Santiago's sentence based on such judicial findings did not violate the Sixth Amendment. *Santiago,* 268 F.3d at 156. "This court is bound by a decision of a prior panel unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court *en banc.*" *United States v. Ianniello,* 808 F.2d 184, 190 (2d Cir.1986). Subsequent cases, including *United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005), confirm *Almendarez–Torres*'s exception for the fact of a prior conviction. *Santiago* is therefore binding on us, foreclosing any claim that Holman's sentence violated the Sixth Amendment in this respect.

Holman was sentenced to the mandatory minimum established by section 924(e). "[A]ny reduction in the calculated Guidelines range could not reduce [Holman's] actual sentence. This is a prototypical" instance in which, if there was an error, it was harmless; Holman "cannot obtain any improvement in his sentence in resentencing, and we therefore see no reason to remand to the district court." *United States v. Sharpley,* 399 F.3d 123, 126–27 (2d Cir.2005).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.