**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 4 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO PINEDA-RODRIGUEZ,

Defendant - Appellant.

No. 04-4145

(D. Utah)

(D.C. NO. 03-CR-758-DKW)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA,** Chief Circuit Judge, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-Appellant Antonio Pineda-Rodriguez pled guilty to two counts of possession of a firearm by a restricted person, in violation of 18 U.S.C. § 922(g)(1) and (9), and one count of illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a). He was sentenced pursuant to the United States Sentencing Commission, Guidelines Manual ("USSG"), to eighty-four months' imprisonment, the low end of the Guideline range, followed by thirty-six months of supervised release.

In calculating the Guideline sentencing range, the district court, as then required by USSG §4A1.1(d) and (e), added three criminal history points to Pineda-Rodriguez's criminal history because Pineda-Rodriguez committed the instant offenses while on court supervision for a prior offense and within two years of having been released from custody for a different prior offense.[1] This had the effect of increasing his criminal history category from IV to V.[2] During

---

[1]USSG §4A1.1(d) and (e) provide as follows:

(d)    Add **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

(e)    Add **2** points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If **2** points are added for item (d), add only **1** point for this item.

[2]The applicable Guideline range was based upon a combined adjusted

(continued...)

the plea proceedings Pineda-Rodriguez admitted and described his two prior convictions.[3] The district court, however, derived the dates and sentences relating to those prior convictions from the Presentence Report ("PSR") prepared by the probation office, which in turn referenced records from the Utah state courts. Those dates and sentences on their face established the "less than two years after release" and "while [on] . . . probation" facts related to the two admitted prior convictions. Pineda-Rodriguez did not object to any part of the PSR and he has never denied that he committed the instant offense while on probation or within two years of having been released from custody for a prior offense; he simply argues those facts should have been alleged in the indictment and proved to a jury.

_____

[2](...continued)
offense level of 26, which was then adjusted downward 3 levels for acceptance of responsibility, resulting in a total offense level of 23 which, with a criminal history category of V, yielded a Guideline range of 84 to 105 months. The maximum statutory penalty for his offenses was ten years. 18 U.S.C. § 924(a)(2); see also 8 U.S.C. § 1326(a) (providing a maximum penalty of two years). Thus, the Guideline sentence was less than that permitted by statute.

[3]In his "Statement of Defendant in Advance of Guilty Plea" Pineda-Rodriguez admitted that at the time of the instant offenses, he "had been convicted of a felony offense (Domestic Violence in the Presence of a Child, a Third Degree Felony, Case No. 011912628, on January 14, 2002) and [he] had been convicted of a domestic-violence misdemeanor offense (e.g., Assault on a Pregnant Person, a Class A Misdemeanor, Case No. 011902888, on December 14, 2001) in Third District Court, State of Utah." Statement at 4-5, R. Vol. I at doc. 13.

On appeal, relying upon <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004),[4] Pineda-Rodriguez argues for the first time that his Sixth Amendment rights were violated because the two facts described above (the length of probation and the date of release from custody, both relating to Pineda-Rodriguez's admitted prior convictions) were found by the district court judge rather than charged in the indictment and found by a jury or admitted by the defendant. After initial appellate briefing, Pineda-Rodriguez sought and was granted the right to brief the effect on this case of the Supreme Court's subsequent decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). Thus, he also argues that, regardless of any Sixth Amendment error, it was plain error under <u>Booker</u> for the district court to treat the Guidelines as mandating the sentence imposed, and that error requires a remand for resentencing.

**DISCUSSION**

<u>Blakely</u> and <u>Booker</u> have established that, for purposes of the Guidelines, the Sixth Amendment requires that "[a]ny fact (other than a prior conviction)

---

[4]When Pineda-Rodriguez raised <u>Blakely</u> before this court, the Supreme Court had not yet issued <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). However, raising a Sixth Amendment <u>Blakely</u> argument was sufficient to invoke the Sixth Amendment holding in <u>Booker</u> as well (applying <u>Blakely</u>'s Sixth Amendment analysis to the federal Guidelines). Accordingly, we apply the Sixth Amendment analysis of both <u>Booker</u> and <u>Blakely</u> to this case.

which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. See United States v. Gonzalez-Huerta, No. 04-2045, 2005 WL 807008, at *1 (10th Cir. Apr. 8, 2005) (en banc). Booker further held that the Guidelines are advisory rather than mandatory. The Court's decision applies to all cases on direct review. Booker, 125 S. Ct. at 769.

To resolve this appeal, we must address the following questions: (1) does the "fact of a prior conviction" for purposes of Blakely and Booker include the fact of the date and sentence of a prior conviction, and findings necessarily flowing therefrom (e.g., whether the instant offenses were committed within two years of release from custody on a prior conviction and/or while the defendant was under court supervision from a prior conviction); and (2) did the district court commit plain error when it sentenced Pineda-Rodriguez, pre-Booker, erroneously applying the Guidelines as mandatory. We affirm Pineda-Rodriguez's sentence.

## I. Fact of Prior Conviction

Pineda-Rodriguez argues that, under Blakely and Booker, the government must charge in an indictment or prove to a jury that the instant offenses were committed while he was under court supervision for a prior offense or within two

years of his release from custody for a prior offense. We disagree, concluding that those facts are within the exception to the Blakely/ Booker rule for the "fact of a prior conviction." Blakely, 124 S. Ct. at 2536 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)).

We have recently held that "Booker . . . and Shepard v. United States, 125 S. Ct. 1254 (2005), do not require the government to charge in an indictment or prove to a jury either the existence of prior convictions or their classification as 'violent felonies.'" United States v. Moore, 401 F.3d 1220, 1221 (10th Cir. 2005). In reaching that conclusion, we noted that the Supreme Court in Almendarez-Torres v. United States, 523 U.S. 224 (1998), held that because recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence," id. at 243, and "as typical a sentencing factor as one might imagine," id. at 230, there is no constitutional requirement for the government to charge an earlier conviction in an indictment. The Supreme Court has also emphasized the importance of shielding the jury from evidence of prior crimes for the obvious reason that "the introduction of evidence of a defendant's prior crimes risks significant prejudice." Id. at 235; see also Moore, 401 F.3d at 1223. And as we further observed in Moore, the Supreme Court has

repeatedly affirmed its holding in Almendarez-Torres, most recently in Booker and Shepard.[5]  See Moore, 401 F.3d at 1223-24.

Pineda-Rodriguez challenges the scope of that holding.  In Moore, we cited approvingly other circuit court decisions concluding that, for purposes of 18 U.S.C. § 924(e)'s requirement that a defendant's three previous convictions be for violent felonies "committed on occasions different from one another," the "different occasions" finding falls within the "fact of a prior conviction" for Apprendi/Blakely/Booker purposes.  Thus, the "facts" of the "different occasions" need not be alleged in the indictment, or admitted by the defendant or submitted to a jury for proof beyond a reasonable doubt.  See United States v. Burgin, 388 F.3d 177 (6th Cir. 2004), cert. denied, 73 U.S.L.W. 3556 (U.S. Mar. 21, 2005) (No. 04-8785); United States v. Morris, 293 F.3d 1010 (7th Cir. 2002); United States v. Santiago, 268 F.3d 151 (2d Cir. 2001).  In Santiago, the Second Circuit noted that the "determination of 'the fact of a prior conviction' implicitly entails

---

[5]We note that Shepard has, however, further restricted the "fact of a prior conviction" exception.  The Court in Shepard held that, for purposes of determining whether a prior burglary conviction qualifies as a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), "a later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  Shepard, 125 S. Ct. at 1257.  A court may not look at police reports or complaint applications to make that determination.  The Court in Shepard did not, however, overrule Almendarez-Torres and its exception for facts of a prior conviction.

many subsidiary findings." Santiago, 268 F.3d at 156; see also United States v. Kempis-Bonola, 287 F.3d 699, 703 (8th Cir. 2002) (noting its agreement with the Santiago court "that it is entirely appropriate for judges to have 'the task of finding not only the mere fact of previous convictions but other related issues as well'") (quoting Santiago, 268 F.3d at 156). We conclude that, among those "subsidiary findings" are such things as the duration of a term of court supervision following a prior conviction, or the date the defendant was released from custody following a prior conviction. Like the "fact" of a conviction itself, those ancillary "facts" are merely aspects of the defendant's recidivist potential, they are easily verified, and their application for purposes of enhancing a sentence under USSG §4A1.1 requires nothing more than official records, a calendar, and the most self-evident mathematical computation. See United States v. Mateo, 271 F.3d 11, 16 (1st Cir. 2001) ("[W]e hold that in determining whether to add criminal history points under USSG § 4A1.1(d), a sentencing court ordinarily is not required to look beyond the face of the state-court record."). We therefore conclude that the district court did not err when it added (whether using a preponderance of the evidence or a beyond a reasonable doubt standard) three criminal history points pursuant to §4A1.1(d) and (e).

And, even assuming *arguendo* that the district court did err, we conclude that such an error was far from plain, since there was no definitive statement on

-8-

whether the fact of a prior conviction included such administrative ancillary details as the date of any court supervision following it or the length of sentence imposed.

## II. Non-Constitutional <u>Booker</u> Error

The district court sentenced Pineda-Rodriguez before <u>Booker</u> and therefore erroneously viewed the Guidelines as mandatory. Pineda-Rodriguez has filed a supplemental brief arguing that sentencing based upon mandatory Guidelines constitutes plain error under <u>Booker</u>, necessitating a remand for resentencing. <u>See</u> <u>Booker</u>, 125 S. Ct. at 769 ("[W]e expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain-error' test.").

Because Pineda-Rodriguez only challenges the use of facts relating to his prior convictions, which we held above did not violate his Sixth Amendment rights, Pineda-Rodriguez's remaining argument presents a non-constitutional <u>Booker</u> error. <u>See</u> <u>United States v. Gonzalez-Huerta</u>, No. 04-2045, 2005 WL 807008, at *2 (en banc) (distinguishing between "constitutional <u>Booker</u> error" and "non-constitutional <u>Booker</u> error"); <u>United States v. Trujillo-Terrazas</u>, No. 04-2075, 2005 WL 880896, at *2 (10th Cir. Apr. 13, 2005). To establish plain error, Pineda-Rodriguez must demonstrate there is "(1) error, (2) that is plain,

which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Gonzalez-Huerta, 2005 WL 807008, at *3. The district court's error in sentencing Pineda-Rodriguez under mandatory Guidelines is plain. Id.

However, even though plain error occurred, the burden is on Pineda-Rodriguez to show that the error affected his substantial rights. United States v. Vonn, 535 U.S. 55, 63 (2002); Gonzalez-Huerta, 2005 WL 807008, at *3. To establish that the mandatory application of the Guidelines affected his substantial rights, Pineda-Rodriguez must show a "reasonable probability" that the defects in his sentencing proceeding altered the result of that proceeding. Id. (quoting United States v. Dominguez Benitez, 542 U.S. 74, 124 S. Ct. 2333, 2339 (2004)). "[Pineda-Rodriguez] therefore bears the burden to convince this Court, based on the record on appeal, that the error affected his substantial rights." Id.

Pineda-Rodriguez initially argues that the district court's error was structural and that demonstrates that his substantial rights were affected. We have recently concluded that "non-constitutional Booker error does not constitute structural error." Id. at *4. Aside from that argument, Pineda-Rodriguez points to nothing specific in the record which suggests that there is a reasonable probability that the outcome of his sentencing proceeding would have been different had the district court operated under a discretionary sentencing scheme,

-10-

other than the fact that he was sentenced at the bottom of the Guideline range, with the district court's observation that that was "the best he can do." Tr. of Sentencing Hr'g at 7, R. Vol. III. We have recently held that, to show a non-constitutional Booker error violates a defendant's substantial rights under plain-error review, the defendant may show a "disconnect between the newly relevant § 3553(a) factors and the sentence given to [the defendant]" which "leads us to believe that there is a reasonable probability that he would receive a lesser sentence under the new sentencing regime." Trujillo, 2005 WL 880896, at *3. Or, failing that, the defendant may show that the "district court expressed dissatisfaction with the mandatory character of the Guidelines" which "provides another reason to believe that the plain error . . . prejudiced [the defendant]." Id. at *4. Because, on the facts of this case, it is a very close question whether Pineda-Rodriguez has shown his substantial rights were affected, we assume he has made such a showing and turn to the fourth prong of plain-error review. Cf. Gonzalez-Huerta, 2005 WL 807008, at *6 ("We need not determine whether [defendant] can satisfy this burden [of showing his substantial rights were affected] because even if he were to meet the third prong, he must also satisfy the fourth prong to obtain relief.").

Applying that fourth prong, we have stated that "we will not notice a non-constitutional error, such as the one in the case before us, unless it is both

'particularly egregious' and our failure to notice the error would result in a 'miscarriage of justice.'" Id. at *7 (quoting United States v. Gilkey, 118 F.3d 702, 704 (10th Cir. 1997)); see also United States v. Olano, 507 U.S. 725, 734 (1993). Pineda-Rodriguez "bears the burden of meeting this demanding standard." Gonzalez-Huerta, 2005 WL 807008, at *7. He fails to do so. Pineda-Rodriguez offers only the conclusory statement that "refusing to remedy this error so that Mr. Pineda-Rodriguez's sentence will conform with the new constitutional sentencing mandates of the Supreme Court would be fundamentally unfair." Appellant's Supp. Opening Br. at 12. That is insufficient to establish that the district court's mandatory application of the Guidelines was "particularly egregious" or would result in a "miscarriage of justice." Not only does Pineda-Rodriguez present a non-constitutional, rather than a constitutional, Booker error, he also received a sentence that was indisputably "within th[e] national norm" for offenders with similar criminal histories and offenses, "and the record is devoid of any mitigating evidence." Gonzalez-Huerta, 2005 WL 807008, at *8. Thus, the application of a mandatory sentencing scheme, standing alone, is insufficient to meet the fourth prong of plain error. Id. at **8-9.

**CONCLUSION**

For the foregoing reasons, Pineda-Rodriguez's sentence is AFFIRMED.


                                   ENTERED FOR THE COURT


                                   Stephen H. Anderson
                                   Circuit Judge