**UNITED STATES of America,**
**Appellee,**

v.

**Vasquez BEST, Defendant–Appellant.**

**Docket Nos. 04–0057(L), 04–0060(CON).**

United States Court of Appeals,
Second Circuit.

July 25, 2005.

Theodore S. Green, Green & Willstatter, White Plains, NY, for Defendant–Appellant.

Steven Weiser, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief; Emily Berger, Assistant United States Attorney), Brooklyn, NY, for Appellee, of counsel.

Present: STRAUB, SACK, Circuit Judges, and KRAVITZ, Judge.[1]

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is **AFFIRMED.**

Defendant–Appellant Vasquez Best ("Best") appeals from a December 31, 2003, judgment of conviction entered by the United States District Court for the Eastern District of New York (David G. Trager, *Judge*) upon a jury verdict of guilty on one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The District Court sentenced Best to the statutory minimum sentence of 180 months' imprisonment, pursuant to 18 U.S.C. § 924(e)(1) (based on Best's three prior convictions), to be followed by five years of supervised release, and a $100 special assessment. On appeal Best argues that the government engaged in prosecutorial misconduct when it (1) bolstered its evidence through hearsay and improper questions; and (2) denigrated counsel for the defense in summation. Best also argues that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), insofar as it was based on proof of prior convictions not pleaded in the indictment nor found by a jury beyond a reasonable doubt that increased his sentence above the otherwise applicable statutory maximum.

■ Best claims that the government sought to establish through inadmissible opinion and hearsay evidence Best's familiarity with the confidential informant who brokered a gun sale between Best and Officer Rosco McClenan, the undercover officer on the case, and the duties of that confidential informant as stated to Officer McClenan. Best also claims that the prosecutor's questions on cross-examination referred to evidence not in the record, namely, evidence that the confidential informant knew Best. As to summation, Best argues that the government improperly stated that Best's attorney failed to present any evidence and was attempting to "confuse" the jury.

■ In adjudging whether prosecutorial misconduct amounts to a denial of due process, this Court considers "the severity of the misconduct, the measures adopted to cure it, and the certainty of conviction in the absence of the misconduct." *United States v. Melendez*, 57 F.3d 238, 241 (2d Cir.1995). We must examine whether the prosecutor's actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (internal quotation marks omitted); *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir.1993) (prosecutorial misconduct must be "so se-

---

1. The Honorable Mark R. Kravitz, United States District Judge, District of Connecticut, sitting by designation.

vere and significant as to result in the denial of [the defendant's] right to a fair trial"). With respect to both the preserved and unpreserved challenges to the prosecutor's questions, we conclude that even assuming the prosecutor's conduct was improper, it was not so severe and significant as to deny Best a fair trial, and moreover, the District Court used adequate measures to cure any possible prejudice. *See United States v. McCarthy,* 54 F.3d 51, 55–56 (2d Cir.1995). Furthermore, though it is unclear whether Best challenges *the District Court's admission of* Officer McClenan's testimony, this error is unpreserved and we find that Best cannot satisfy the requirements of plain error review. *See United States v. Williams,* 399 F.3d 450, 454 (2d Cir.2005) ("As authoritatively set forth by the Supreme Court, the plain error doctrine permits a trial court error, not properly preserved for appeal, to warrant appellate relief when four factors are present: there must be an error, the error must be 'plain,' the error must 'affect[ ] substantial rights,' and the error must 'seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings.'" (quoting *United States v. Cotton,* 535 U.S. 625, 631–32, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002))). Finally, as to the prosecutor's comments during summation, we conclude that the comments did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. *See, e.g., United States v. Rodriguez,* 968 F.2d 130, 142 (2d Cir.1992) ("It is a rare case in which improper comments in a prosecutor's summation are so prejudicial that a new trial is required." (internal quotation marks omitted)).

■ As to Best's sentencing claim, Best concedes that our decision in *United States v. Santiago,* 268 F.3d 151 (2d Cir.2001), rejects the argument that proof of a prior conviction is subject to the requirements of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He argues, however, that the prior conviction exception laid out in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), may no longer be good law. This argument is foreclosed by the Supreme Court's reaffirmation of the *Almendarez–Torres* prior conviction exception in *Booker v. United States,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See* 125 S.Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). Furthermore, as to Best's claim that application of the prior conviction exception in his case raises the issues noted in *Shepard v. United States,* — U.S. ——, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), we generally do not consider arguments raised only at oral argument, *see United States v. Barnes,* 158 F.3d 662, 672 (2d Cir.1998) ("Normally, we will not consider arguments raised for the first time in a reply brief, let alone [at or] after oral argument." (internal quotation marks omitted) (alteration in original)), and we shall not do so in this case. Finally, although Justice Thomas's concurrence in *Shepard* expressed doubt on the future viability of the prior conviction exception, the exception remains good law at this time.

We have considered all of the defendant's arguments and find them to be without merit.

For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.