13-4334-cv
*Rosenberg v. Pasha*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of August, two thousand fourteen.

PRESENT:

JOSÉ A. CABRANES,
CHESTER J. STRAUB,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

———————————————————————

SHIMON ROSENBERG, individually, as Legal Guardian of MOSHE TZVI HOLTZBERG and as Personal Representative of the ESTATES OF RIVKA HOLTZBERG AND GAVRIEL NOACH HOLTZBERG, NACHMAN HOLTZBERG, individually and on behalf of other family members, as Surviving Father of GAVRIEL NOACH HOLTZBERG, MOSES SHVARZBLAT, individually and as Personal Representative of the ESTATE OF NORMA SHVARZBLAT-RABINOVICH, MARIBETH JESWANI, individually and as Personal Representative of the ESTATE OF SANDEEP JESWANI, ANDREINA VARAGONA, KIA SCHERR, individually and as Personal Representative of the ESTATES OF NAOMI SCHERR AND ALAN SCHERR, EMUNAH CHROMAN, Individually and as Personal Representative of the ESTATE OF BEN ZION CHROMAN, LINDA RAGSDALE, AUTUMN R. GILLES,

*Plaintiffs-Appellants,*

v.                                                         No. 13-4334-cv

1

AHMED SHUJA PASHA, NADEEM TAJ,

   *Defendants-Appellees*,

DARA LASHKAR-E-TAIBA, AKA
Khidmat-e-Khalq, AKA Jamat ud Dawa,
AKA Markaz ud Dawa, AKA
Tehrik-e-Tahaffuz-e-Awal, SAJID MAJID,
AKA Sajid Mir, AZAM CHEEMA, MAJOR
IQBAL, MAJOR SAMIR ALI, INTER-SERVICES
INTELLIGENCE OF THE ISLAMIC REPUBLIC
OF PAKISTAN, MOHAMAED HAFIZ SAYEED,
ZAKI UR REHMAN LAKHVI,

   *Defendants.*

_____

**FOR PLAINTIFFS-APPELLANTS:**     JAMES P. KREINDLER (Andrew J. Maloney III, *on the brief*), Kreindler & Kreindler LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES:**     ALLEN C. WASSERMAN (Kevin John Walsh, *on the brief*), Locke Lord LLP, New York, NY.

Appeal from a November 6, 2013 judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Appellants are survivors and families of the victims of the 2008 Mumbai terror attacks, carried out by the Pakistani terrorist organization Lashkar-e-Taiba. They filed suit under the Antiterrorism Act, 18 U.S.C § 2331 *et seq.*, the Torture Victim Protection Act, note following 28 U.S.C. § 1350, and the Alien Tort Statute, 28 U.S.C. § 1350, against appellees Ahmed Shuja Pasha and Nadeem Taj, two former directors of the Pakistani intelligence agency known as Inter-Services Intelligence ("ISI"). Plaintiffs alleged that appellees coordinated the Mumbai attacks with Lashkar-e-Taiba. The District Court granted appellees' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), holding that Pasha and Taj were protected from suit by common law sovereign immunity. The District Court based its determination on the Statement of Interest provided by the United States Department of State, which advised that Pasha and Taj were indeed foreign officials

2

acting within the scope of their official positions and should be subject to sovereign immunity. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

In reviewing dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), we review legal conclusions *de novo* and factual findings for clear error. *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). A case is properly dismissed under Rule 12(b)(1) when the district court "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

Appellants argue that common law sovereign immunity cannot protect foreign officials from suit for *jus cogens* violations, which are "norm[s] accepted and recognized by the international community of states as a whole as a norm from which no derogation is permitted and which can be modified only by a subsequent norm of general international law having the same character." *Belhas v. Ya'alon*, 515 F.3d 1279, 1286 (D.C. Cir. 2008) (quoting *Siderman de Blake v. Repub. of Arg.*, 965 F.2d 699, 714 (9th Cir. 1992)). They also argue that formal suggestions of immunity submitted by the State Department should not be dispositive in a court's immunity determination. They base their claim upon the decision of the Fourth Circuit in *Yousuf v. Samantar*, 699 F.3d 763 (4th Cir. 2012) ("*Samantar III*"), in which the Court of Appeals held that foreign officials "are not entitled to foreign official immunity for *jus cogens* violations, even if the acts were performed in the defendant's official capacity," *id.* at 777, and that Statements of Interest provided by the State Department were given "considerable, but not controlling, weight" in the immunity determination, *id.* at 773.

In so arguing, appellants acknowledge that their position is in tension with the precedent of this Court, expressed in *Matar v. Dichter*, 563 F.3d 9, 15 (2d Cir. 2009). There, we addressed the question of common law immunity for foreign officials accused of *jus cogens* violations, and explicitly held that "in the common-law context, we defer to the Executive's determination of the scope of immunity" and that "[a] claim premised on the violation of *jus cogens* does not withstand foreign sovereign immunity." *Id.* at 15. However, appellants assert that: (1) we should instead adopt a "cogent litmus test similar to the Fourth Circuit," Appellants' Br. at 14; and (2) our holding in *Matar* was called into question by the Supreme Court's decision in *Samantar v. Yousuf*, 560 U.S. 305 (2010) ("*Samantar II*") (affirming a Fourth Circuit opinion, *Yousuf v. Samantar*, 552 F.3d 371 (4th Cir. 2009) ("*Samantar I*"), which held that an individual foreign officer is not protected by the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611).

We reject both of these arguments. First, *Matar* was a decision of a panel of this Court. We are bound to follow that precedent, unless and until it is overruled implicitly or expressly by the Supreme Court, or by this Court sitting *in banc*. *See United States v. Santiago*, 268 F.3d 151, 154 (2d Cir. 2001). Appellants do not suggest that the *Matar* holding has been overruled by an *in banc* proceeding of this Court, so we turn to the Supreme Court's opinion in *Samantar II*.

We disagree with appellants' assertion that the Supreme Court's opinion in *Samantar II* constitutes intervening Supreme Court precedent that requires us to alter our clear precedent. The question before the Supreme Court in *Samantar II* was whether the Fourth Circuit correctly determined in *Samantar I* that "the [Foreign Sovereign Immunities Act] does not govern [a foreign

3

official's] claim of immunity." *Samantar II*, 560 U.S. at 325. The Supreme Court's opinion did not address common law immunity in any significant way, and certainly did not overrule—either explicitly or implicitly—our holding in *Matar*. Rather, in affirming the Fourth Circuit, the Supreme Court noted at the end of its opinion that "[w]hether [the foreign official] may be entitled to immunity under the common law . . . [is a] matter[ ] to be addressed in the first instance by the District Court on remand." *Id.* at 325-26.

Upon remand, the Fourth Circuit held in *Samantar III* that common law foreign official immunity did *not* apply to alleged violations of *jus cogens* norms, and the Fourth Circuit's holding there is what appellants ask us to adopt. However, we are bound by our own precedent, not that of the Fourth Circuit, and we conclude that nothing in the Supreme Court's opinion even suggests, let alone mandates, that we abandon our clear precedent in *Matar*. *Matar* remains binding precedent in this Circuit, and in applying it, the District Court correctly determined that, in light of the Statement of Interest filed by the State Department recommending immunity for Pasha and Taj, the action must be dismissed.

## CONCLUSION

We have considered all of appellants' arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4