*United States v. Abdalla et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of March, two thousand twenty-one.

PRESENT: ROBERT D. SACK,
RICHARD C. WESLEY,
RICHARD J. SULLIVAN,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

          *Appellee,*

    v.                                                                    No. 20-295

IBRAHIM AKASHA ABDALLA, AKA Ibrahim Akasha,

          *Defendant-Appellant.*[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**FOR APPELLANT:** STEPHANIE M. CARVLIN, Law Office of Stephanie M. Carvlin, New York, NY.

**FOR APPELLEE:** JASON A. RICHMAN, Assistant United States Attorney (Amanda L. Houle, Anna M. Skotko, Assistant United States Attorneys, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York.

Appeal from the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Ibrahim Akasha Abdalla appeals from a judgment of conviction entered by the district court following his guilty plea to charges including conspiracy to manufacture and import controlled substances into the United States, in violation of 21 U.S.C. §§ 959(a), 959(d), 960(a)(3), 960(b)(1)(A), 960(b)(1)(H), and 963; distribution of controlled substances, in violation of 18 U.S.C. §§ 2, 959(a), 960(b)(1)(A), and 960(b)(1)(H); the use and carrying of destructive devices in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(o); and corruption and bribery of public officials to avoid prosecution,

in violation of 18 U.S.C. §§ 1512(c)(2), 1512(h), and 1512(i).

On appeal, Abdalla argues that because he is not a citizen of the United States and all his criminal actions occurred entirely outside of the United States, his conduct lacked a sufficient jurisdictional nexus to the United States and he was denied fair notice that he could be prosecuted in the United States. He therefore contends that his prosecution violated his due process rights.

When considering Abdalla's challenge based on constitutional due process rights, "we review the district court's factual determinations for clear error, while the constitutional significance of those findings, including the ultimate determination of whether due process has been violated, is reviewed *de novo*." *United States v. Epskamp*, 832 F.3d 154, 160 (2d Cir. 2016) (internal quotation marks and alterations omitted). We conclude that both of Abdalla's due process arguments are foreclosed by our decision in *United States v. Al Kassar*, 660 F.3d 108 (2d Cir. 2011).

With respect to Abdalla's first argument regarding a lack of "nexus," we determined in *Al Kassar* that where a non-citizen defendant acts entirely outside of the United States, there is a still a "sufficient nexus between the defendant and the United States [to satisfy due process] . . . when the aim of that activity is to

3

cause harm inside the United States." *Id.* at 118. Abdalla conceded in his guilty plea that he specifically intended that the heroin and methamphetamine manufactured and distributed by his organization would be imported into the United States; his conduct is therefore more than sufficient to establish the necessary jurisdictional nexus. *See United States v. Alarcon Sanchez*, 972 F.3d 156, 169 (2d Cir. 2020) (concluding that due process was not offended "in light of the conspiracy's nexus to United States interests in eliminating drug trafficking on the high seas, and the fair warning we ascribe to those that participate in such conspiracies").

*Al Kassar* also rebuts Abdalla's argument regarding fair notice. As we explained there, "[f]air warning does not require that the defendants understand that they could be subject to criminal prosecution *in the United States* so long as they would reasonably understand that their conduct was criminal and would subject them to prosecution *somewhere*." *Al Kassar*, 660 F.3d at 119 (second emphasis added). Abdalla nevertheless urges us to overrule the notice standard for extraterritorial application of criminal statutes announced in *Al Kassar*, arguing that the Due Process Clause should require that a defendant have notice of *where* he risks being prosecuted. But this argument is a non-starter. Put simply, we

4

remain bound by *Al Kassar*, which has not been "called into question by an intervening Supreme Court decision or by one of this Court sitting *in banc*." *United States v. Santiago*, 268 F.3d 151, 154 (2d Cir. 2001). Accordingly, Abdalla's argument fails.

We have considered Abdalla's remaining arguments and conclude that they are meritless. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court