**UNITED STATES of America,
Appellee,**

v.

**Michael ANGLIN, Defendant–
Appellant.**

**Docket No. 01–1293.**

United States Court of Appeals,
Second Circuit.

Argued March 6, 2002.

Decided March 19, 2002.

Susan G. Kellman, New York, NY, for Defendant–Appellant.

Pamela Chen, Assistant United States Attorney, for Alan Vinegrad, United States Attorney, Eastern District of New York (Peter A. Norling, on the brief), for Appellee.

Before CALABRESI and CABRANES, Circuit Judges, and AMON, District Judge.*

PER CURIAM.

Defendant–Appellant Michael Anglin appeals from a judgment entered May 4, 2001 in the United States District Court for the Eastern District of New York (Edward R. Korman, *J.*). After a jury trial, Anglin was convicted on three counts: (1) conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371, (2) armed bank robbery in violation of 18 U.S.C. § 2113, and (3) using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Judge Korman sentenced Anglin, (a) on counts one and two, to twenty months' imprisonment (to run concurrently with a sentence previously imposed in the Southern District of New York arising from separate charges), and (b) on count three, to a consecutive term of twenty years' imprisonment. He also imposed a three-year term of supervised release and $150 in special assessments. Anglin is currently incarcerated.

## BACKGROUND

Anglin, Katokie Miller, Ian Motipersad, James McClure, and Marlon McPhail conspired to rob the Brookdale Hospital branch of the National Westminster Bank in Brooklyn, New York. The co-conspirators planned the robbery over the course of several months. Anglin, Miller, Motipersad, and McClure each owned a gun, and the co-conspirators intended to use guns in the robbery.

On December 10, 1993, Anglin, Miller, and Motipersad carried out the robbery. Anglin gave Miller his gun and kept a knife for himself. Together, the three men accosted five employees of the bank, forced them into the restroom, and made them lie on the floor. Anglin took a bag of money from one of the security guards, whom he cut behind the ear with his knife when the guard raised his head. As the three co-conspirators left with the money, Anglin instructed Miller to shoot anyone who emerged from the bathroom.

Motipersad, McPhail, and Miller cooperated with the government. The trial of Anglin and McClure began on February 7, 2000. Anglin was convicted on all three counts of the indictment against him.[1] On October 4, 2000, the United States Probation Office issued Anglin's Presentence Report ("PSR"). The PSR calculated that Anglin's guidelines range was 77 to 96 months on counts one and two and a five-year consecutive term on count three. The government filed an objection to the PSR's calculation on count three, contending that Anglin was subject to a twenty-year mandatory minimum consecutive sentence under 18 U.S.C. § 924(c)(1) because of his prior conviction under § 924(c)(1).[2]

---

* The Honorable Carol Bagley Amon of the United States District Court for the Eastern District of New York, sitting by designation.

1. McClure was convicted of the conspiracy charge alone.

2. The version of § 924(c)(1) that was in effect at the time of Anglin's criminal conduct stated in pertinent part:

> Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.... In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under

On October 25, 2000, Anglin appeared for sentencing before Judge Korman. The court raised, sua sponte, the question whether the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), precluded the imposition of the twenty-year mandatory minimum sentence. It asked whether the fact of a prior conviction under § 924(c)(1) needed to be proved to a jury. After the parties submitted briefs on the issue, the court found no *Apprendi* violation and imposed sentence on May 4, 2001.

On appeal, Anglin makes several arguments that his twenty-year sentence for his second conviction under § 924(c)(1) violates the Supreme Court's holding in *Apprendi*. We reject Anglin's contentions and affirm the sentence imposed by the district court.

## DISCUSSION

In *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that 8 U.S.C. § 1326(b), which increases the maximum sentence for an alien who illegally reentered the United States after having been deported following his conviction for an aggravated felony, does not set out a separate offense, but rather is a penalty provision or sentencing factor for the offense of illegal reentry. In so holding, the court noted: "recidivism ... is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." *Almendarez–Torres*, 523 U.S. at 243, 118 S.Ct. 1219. In *Apprendi*, the Supreme Court declined to overrule *Al-*

*mendarez–Torres*. The *Apprendi* court described that earlier decision as a "narrow exception" to the rule that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. And, it concluded that *Apprendi* applies to any fact "[o]ther than the fact of a prior conviction." *Id.* Accordingly, this Court has repeatedly held that *Almendarez–Torres* survives *Apprendi*. *See, e.g., United States v. Santiago*, 268 F.3d 151, 154–55 (2d. Cir.2001); *United States v. Latorre–Benavides*, 241 F.3d 262, 264 (2d Cir.2001) (per curiam).

■ Anglin asserts that § 924(c)(1)'s provision for a sentencing enhancement for a prior conviction under § 924(c)(1) falls outside the scope of the Supreme Court's decision in *Almendarez–Torres*. Precedent in this Circuit forecloses this argument. *See, e.g., Santiago*, 268 F.3d at 154 (rejecting an *Apprendi* challenge to 18 U.S.C. § 924(e), which enhances a sentence for possession of a firearm where a person has "three previous convictions" for certain offenses "committed on occasions different from one another"). As in *Santiago*, the fact of Anglin's prior conviction, a standard recidivist concern, is a sentencing factor, not a separate element or offense. The determination of the fact of "a conviction for commission of an aggravated felony" under § 1326 or the fact that a defendant "has three previous convictions ... for a violent felony or a serious drug offense" under § 924(e), is no different from the fact of a conviction "under this subsection" under § 924(c)(1).[3]

this subsection run concurrently with any other term of imprisonment....

The provision was materially altered in 1998. *See* Pub. L. 105–386, § 1(a), 112 Stat. 3469 (codified at 18 U.S.C. § 924(c)(1)(A)). By

"§ 924(c)", we refer to the prior version of the statute.

**3.** The Supreme Court has not addressed this provision of § 924(c)(1) in light of *Apprendi*, but it did consider § 924(c)'s requirement

Anglin attempts to distinguish prior convictions under § 924(c)(1) from those at issue in *Almendarez–Torres* and *Santiago* by noting that, in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the Supreme Court significantly narrowed the term "use" in § 924(c)(1). *Bailey,* Anglin contends, calls into question the legality of all unchallenged prior convictions under § 924(c)(1). The potential infirmity of a defendant's prior conviction under § 924(c)(1) does not, however, in any way mean that the fact of that prior conviction must be proved to a jury for purposes of an enhanced sentence. First, the *fact* of a conviction is a separate issue from the *legality* of that conviction, and remains so even if the defendant alleges that the conviction is invalid. Second, a trial for a subsequent offense is not the appropriate forum to assess the validity of that prior conviction. *Cf., e.g., Custis v. United States,* 511 U.S. 485, 497, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (holding that a defendant cannot collaterally attack a prior state court conviction that is used to enhance his sentence under § 924(e)); *United States v. Jones,* 27 F.3d 50, 52 (2d Cir.1994) (per curiam) (holding that the rule in *Custis* applies to "any . . . statutory scheme providing for sentence enhancement on the basis of prior felony convictions"). Third, any doubts that *Bailey* might cast on the validity of prior convictions obtained before *Bailey* do not extend to post-*Bailey* convictions, such as Anglin's. It follows that the existence of *Bailey* cannot distinguish Anglin's prior § 924(c)(1) conviction from the prior convictions discussed in *Almendarez–Torres* and *Santiago.*[4]

Anglin's second argument is that Congress intended the recidivist portions of § 924(c)(1) to constitute separate elements of the offense. For this claim, he relies primarily on Justice Scalia's dissent in *Almendarez–Torres* in which that Justice rejected a distinction between recidivism and other sentence-increasing aggravators. *Almendarez–Torres,* 523 U.S. at 249, 118 S.Ct. 1219 (Scalia, J., dissenting). The *Almendarez–Torres* majority, however, made precisely that distinction. *See id.* at 230, 118 S.Ct. 1219. And, so did we, in *Santiago. Santiago,* 268 F.3d at 154.

In any event, Anglin's argument that Congress intended that the enhanced-penalty provision of § 924(c)(1) create a separate offense is foreclosed by *Deal v. United States,* 508 U.S. 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993). In *Deal,* the Supreme Court held that the enhanced penalty provision for a "second or subsequent" § 924(c)(1) conviction applies where the "second" conviction is obtained in the same prosecution (and the same judgment) as the "first" conviction. 508 U.S. at 131–35, 113 S.Ct. 1993. In so holding, the Court majority held that "conviction" for purposes of § 924(c)(1) means the finding of guilt by a judge or jury, and not the entry

that a certain type of firearm, namely a machine gun, warrants a sentencing enhancement. *Castillo v. United States,* 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000). In *Castillo,* the Court held that a determination of the type of firearm is a separate element of the offense and not a sentencing factor. In so holding, the court distinguished *Almendarez–Torres* on the grounds that *Almendarez–Torres* dealt with recidivism, a traditional sentencing factor. *Id.* at 126, 120 S.Ct. 2090. *Castillo's* holding therefore supports the view that the

recidivist provision of § 924(c)(1) is covered by *Almendarez–Torres.*

4. We note that Anglin did not challenge the validity of his prior § 924(c)(1) conviction under *Bailey* on direct appeal, *United States v. Anglin,* 169 F.3d 154 (2d Cir.1999), or in his motion to vacate his sentence pursuant to 28 U.S.C. § 2255, *Anglin v. United States,* No. 99 Civ. 10265, 2000 WL 964947 (S.D.N.Y. Jul. 12, 2000), and does not purport to do so in this appeal.

of a judgment of conviction. *Id.* at 132–33, 113 S.Ct. 1993. The *Deal* majority explicitly rejected the position of the dissenters, who interpreted the "second or subsequent" provision to require proof that the "second" crime was committed after the entry of a judgment of conviction for the "first" crime. *See id.* at 135, 113 S.Ct. 1993 ("[I]t cannot possibly be said that [the statute at issue] requires a criminal act after the first conviction. What it requires is a *conviction* after the first conviction.").

The Court's decision in *Deal* makes sense only if the fact of a previous "conviction" (as that term was authoritatively interpreted by the Court) is a sentencing factor, and not an element of an additional offense that Congress intended to create. If the fact of a "first" conviction were an element, then a prosecutor seeking to prove multiple § 924(c)(1) offenses against a defendant who had not previously been convicted of such an offense would have the impossible task of presenting evidence of "the finding of guilt by a judge or jury" which had not yet occurred. If it is a sentencing factor, however, then the judge is obviously aware of whether "the finding of guilt" with respect to more than one violation of § 924(c)(1) has occurred. Accordingly, Anglin's argument that Congress intended to create a separate "recidivist" offense must fail.

Finally, Anglin contends that, because the application of the recidivist provision of § 924(c)(1) substantially increases his sentence, the "fair administration of the law" requires that a jury determine the fact of a prior § 924(c)(1) conviction. In leaving *Almendarez–Torres* undisturbed, the *Apprendi* Court, however, addressed and rejected precisely this concern:

> [O]ur conclusion in *Almendarez–Torres* turned heavily upon the fact that the additional sentence to which the defen-dant was subject was "the prior commission of a serious crime." ... Both the certainty that procedural safeguards attached to any "fact" of prior conviction, and the reality that [the defendant] did not challenge the accuracy of that "fact" in his case, mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a "fact" increasing punishment beyond the maximum of the statutory range.

530 U.S. at 488, 120 S.Ct. 2348 (citations omitted) (quoting *Almendarez–Torres*, 523 U.S. at 230, 118 S.Ct. 1219).

We have considered all of Appellant's claims and find them to be without merit. The judgment of the district court is hereby AFFIRMED.