**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Benito DEL ROSARIO, Defendant–
Appellant.**

**No. 12–3963.**

United States Court of Appeals,
Second Circuit.

April 3, 2014.

John C. Meringolo, Meringolo & Associates, P.C., New York, N.Y., for Appellant.

Sarah E. McCallum, Justin S. Weddle, Assistant United States Attorneys for Preet Bharara, United States Attorney for Southern District of New York, New York, N.Y., for Appellee.

PRESENT: RICHARD C. WESLEY and SUSAN L. CARNEY, Circuit Judges, JED S. RAKOFF,* District Judge.

## SUMMARY ORDER

Defendant Benito Del Rosario appeals from the judgment entered in the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*), following a jury trial that convicted him of conspiracy to distribute and possess with intent to distribute one kilogram and more of heroin in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Del Rosario seeks reversal of his conviction, arguing that the evidence at trial was insufficient to warrant a conviction of conspiracy. Del Rosario also asserts that various errors were committed at trial, and were so prejudicial that he was denied a fair trial. We assume the parties' familiarity with the underlying facts, procedural history, and issues for review, which we reference only as necessary to explain our decision.

Del Rosario's sufficiency argument turns largely on the credibility of cooperating witnesses.[1] We must defer to the jury's resolution of the credibility of witness testimony and the weight of the evidence. *See, e.g., United States v. Robles*, 709 F.3d 98, 101 n. 3 (2d Cir.2013). In addition to the deference we give the jury on issues of witness credibility, the testimony Del Rosario alleges to be inconsistent is, in fact, quite consistent, and where inconsistent, only inconsistent on minor points. Accordingly, Del Rosario fails to carry the "very

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation

1. We review sufficiency challenges *de novo*, but a defendant faces an uphill battle and bears a very heavy burden because the evidence must be viewed in the light most favorable to the government, with all reasonable inferences drawn in its favor. *See, e.g., United States v. Mi Sun Cho*, 713 F.3d 716, 720 (2d Cir.2013) (*per curiam*).

heavy burden" of successfully challenging the sufficiency of the evidence. *United States v. Mi Sun Cho*, 713 F.3d 716, 720 (2d Cir.2013) (*per curiam*). The jury had ample evidence to find Del Rosario guilty of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.

As to Del Rosario's claim that the district court erred in failing to submit the prior felony information for the jury's consideration, under controlling Supreme Court precedent, the fact of a prior felony conviction may be decided by a judge, not a jury, even if that fact increases the statutory minimum term of imprisonment to which the defendant is exposed. *Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *see also Alleyne v. United States,* —— U.S. ——, 133 S.Ct. 2151, 2160 & n. 1, 186 L.Ed.2d 314 (2013) (concluding that a fact that increases a mandatory minimum sentence, such as brandishing of a firearm, must be found by a jury, but declining to revisit the holding in *Almendarez–Torres*). Accordingly, there is no demonstration of error.

Del Rosario also asserts several errors related to the proceedings below, but because he raises them for the first time on appeal, they are reviewed only for plain error. *See United States v. Marcus,* 560 U.S. 258, 262, 130 S.Ct. 2159, 176 L.Ed.2d 1012 (2010). Del Rosario must demonstrate plain error that is "clear or obvious," rather than "subject to reasonable dispute," that affects the defendant's "substantial rights," and that seriously affects the fairness, integrity, or reputation of judicial proceedings. *Id.* Del Rosario has not demonstrated any plain error.

We have considered all of Del Rosario's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED.**