14‑851‑cr; 14‑1033‑cr
*United States v. Boykin*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2015

(Argued:  April 25, 2016      Decided: August 30, 2016)

Docket Nos. 14‑851‑cr; 14‑1033‑cr

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.

PAUL ARLINE, AKA FACE, ET AL.,

*Defendants,*

ANTHONY BOYKIN, AKA DOUBLE O,
JUSTIN SIMMONS, AKA JUSTO,

*Defendants‑Appellants.*\*

_____

Before:

      WALKER, CALABRESI, HALL, *Circuit Judges.*

Appeal from a final judgment of the United States District Court for the Southern District of New York (McMahon, *J.*).  Following a jury trial, Defendant‑Appellant Justin Simmons was convicted, *inter alia*, of two counts of possession of a firearm in furtherance of a crime of violence or drug trafficking crime, in violation of 18 U.S.C. § 924(c).  The district court sentenced Simmons to a five‑year term of imprisonment for one of the convictions under § 924(c).  Pursuant to

---

\* The Clerk of Court is requested to amend the official caption in this case to conform to the listing of the parties above.

§ 924(c)(1)(C), the court also sentenced Simmons to a twenty-five-year term of imprisonment for the second § 924(c) conviction, each sentence to run consecutively to the other. On appeal, Simmons challenges his sentence on the ground that (1) in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the fact of whether he had a "second or subsequent" § 924(c) conviction should have been found by the jury, and (2) one or the other of his convictions under § 924(c) was multiplicitous because they involved potentially overlapping conduct.

We hold that *Alleyne* does not alter our Court's prior holding in *United States v. Anglin*, 284 F.3d 407 (2d Cir. 2002) (per curiam), that the existence of a "second or subsequent" § 924(c) conviction is a sentencing factor that need not be submitted to a jury. We further hold that Simmons's two § 924(c) convictions were not multiplicitous because there was an ample basis for the jury to convict Simmons for two separate violations of § 924(c). Consequently, that there was no jury instruction requiring the jury to find that the guns subject of each § 924(c) charge must have been possessed on separate occasions did not amount to plain error. For the same reasons, it was not plain error for the district court to find implicitly at sentencing that the two § 924(c) convictions were based on separate conduct, thereby subjecting Simmons to mandatory minimum, consecutive sentences based on a "second or subsequent" § 924(c) conviction.

We address in a separate summary order filed with this opinion Simmons's challenges to his conviction for participating in a racketeering conspiracy.

AFFIRMED.

BENJAMIN GREENWALD, The Law Office of Benjamin Greenwald, New Windsor, New York, *for Defendant-Appellant*.

MICHAEL D. MAIMAN, Assistant United States Attorney (Emil J. Bove, III, Michael A. Levy, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, *for Appellee*.

2

PER CURIAM:

Following a jury trial, Defendant-Appellant Justin Simmons was convicted of participating in a racketeering enterprise and conspiracy, in violation of 18 U.S.C. §§ 1961, 1962(c) and (d), and a narcotics conspiracy, in violation of 21 U.S.C. § 846. He was also convicted of two counts of possession of a firearm in furtherance of a crime of violence or drug trafficking crime, in violation of 18 U.S.C. § 924(c): one for possession of a firearm in furtherance of the racketeering enterprise and conspiracy and the other for possession of a firearm in furtherance of the narcotics conspiracy. The district court sentenced Simmons to a five-year term of imprisonment for one of the § 924(c) convictions. Pursuant to § 924(c)(1)(C)—which provides for a mandatory minimum of twenty-five years' imprisonment for a "second or subsequent" conviction under § 924(c)—the court sentenced Simmons to a twenty-five-year term of imprisonment for the second § 924(c) conviction, each to run consecutively to the other and to the sentences imposed for the racketeering and narcotics convictions, for a total term of fifty years' imprisonment.

On appeal, Simmons argues, with respect to that part of his sentence based on the firearms convictions, that (1) the fact of whether he had a "second or

3

subsequent" § 924(c) conviction should have been determined by the jury, and (2) one or the other of his convictions under § 924(c) was multiplicitous because they involved potentially overlapping conduct. For the following reasons, the judgment is AFFIRMED.[2]

**BACKGROUND**

In 2013, Simmons was charged with multiple offenses stemming from his involvement with the Bloods gang operating out of Newburgh, New York ("Newburgh Bloods"). Count One charged him with participating in a racketeering enterprise, in violation of 18 U.S.C. §§ 1961 and 1962(c), and set forth six racketeering acts, all of which related to murder, attempted murder, or robbery, except for predicate act five, which consisted of a narcotics distribution conspiracy. Count Two charged Simmons with participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). The conduct underlying both Counts One and Two was alleged to have occurred "[f]rom at least in or about 2006, up to and including in or about March 2013," App'x 256, 263. Count Twelve charged Simmons with participating in a conspiracy to distribute and

---

[2] Simmons also argues on appeal that the evidence was insufficient to convict him of participating in a racketeering conspiracy. We reject this argument and affirm that conviction in a separately filed summary order.

4

possess with intent to distribute 280 grams or more of a controlled substance, in violation of 21 U.S.C. § 846, "[f]rom at least in or about 2004, up to and including in or about September 2011." App'x 274.

Simmons was also charged with two counts of violating § 924(c). Count Thirteen charged Simmons with using and carrying firearms during and in relation to, and possession of firearms in furtherance of, the narcotics conspiracy described in Count Twelve, [f]rom at least in or about 2004, up to and including in or about September 2011." App'x 275. Count Seventeen charged him with using and carrying firearms during and in relation to, and possession of firearms in furtherance of, a crime of violence, namely, the racketeering enterprise and conspiracy charged in Counts One and Two, but "on occasions other than those described" in Count Thirteen (among other counts). App'x 277-78.[3]

At trial, the Government introduced evidence connecting Simmons to numerous firearms. With respect to the firearms possessed in conjunction with the racketeering enterprise and conspiracy, the jury heard testimony that Simmons was in possession (or aided in the possession) of a gun on three

[3] Both § 924(c) counts included charges that Simmons aided and abetted others in the commission of those firearms offenses.

occasions: (1) when he and another member of the Newburgh Bloods were arrested in January 2008 while driving through the neighborhood of a rival gang; (2) when Simmons passed along one of his guns to a fellow Newburgh Blood in 2009; and (3) when Simmons was on Lander St. in Newburgh with a fellow member of the Newburgh Bloods.

As for the firearms possessed in connection with the narcotics conspiracy, the Government offered testimony that numerous guns were hidden in a neighborhood block located on Lander St. in Newburgh where the Newburgh Bloods sold crack cocaine. These so-called "block guns" were to be used when "needed," Trial Tr. 250, and were kept for "protection" from "other gangs" in the course of selling drugs, Trial Tr. 851. The jury heard testimony that Simmons was seen on Lander St. in possession of one of these block guns.

In its summation, the Government sought to link the firearms to the respective counts. Thus, the gun discovered on Simmons when he was arrested in January 2008, the gun he passed along in 2009, and the gun he possessed while out with a fellow blood on Lander St. were tied to the racketeering enterprise and conspiracy, while the block guns were connected to the narcotics conspiracy.

6

The district court instructed the jury that the firearms charge contained in Count Seventeen was "connected to the charges of racketeering and racketeering conspiracy," Trial Tr. 2211, while the firearms charge in Count Thirteen was "connected to the narcotics conspiracy," Trial Tr. 2210. Neither Simmons nor the Government asked the district court to instruct the jury that the guns in Count Seventeen were alleged to have been possessed on occasions different from those occasions forming the basis for Count Thirteen, and no such instruction was given.

At sentencing, the court sentenced Simmons to a five-year term of imprisonment for the § 924(c) conviction relating to the narcotics conspiracy and, pursuant to § 924(c)(1)(C), to a twenty-five-year mandatory minimum term of imprisonment for his § 924(c) conviction pertaining to the racketeering enterprise and conspiracy, each to run consecutively to the other and to the other sentences, for a total term of fifty years' imprisonment. Simmons did not object to the court's imposition of the twenty-five-year mandatory minimum for his conviction for a "second or subsequent" § 924(c) offense. This appeal followed.

## DISCUSSION

### I.    The Fact of a "Second or Subsequent" Conviction under § 924(c)

Simmons contends that the fact of whether he had a "second or subsequent" § 924(c) conviction should have been found by the jury and the jury should have been charged accordingly. Because Simmons did not object on this basis to either the district court's jury charge or to the sentence, we review for plain error. *United States v. Vilar*, 729 F.3d 62, 88 (2d Cir. 2013) (jury instructions); *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007) (sentencing). Plain error review permits relief only where (1) there is "error," (2) the error "is plain," (3) the error "affect[s] substantial rights," and (4) the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Groysman*, 766 F.3d 147, 155 (2d Cir. 2014) (quoting *Johnson v. United States*, 520 U.S. 461, 466–67 (1997)).

The fact of a prior conviction may be decided by a judge and need not be determined by a jury. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)); *see Almendarez-Torres v. United*

8

*States*, 523 U.S. 224, 243-48 (1998) (holding that a prior conviction relevant only to the sentencing of an offender found guilty of the charged crime is not a fact that must be charged in the indictment or found by a jury beyond a reasonable doubt).  We have held that the existence of a "second or subsequent" § 924(c) conviction is a sentencing factor that need not be determined by a jury.  *United States v. Anglin*, 284 F.3d 407, 409 (2d Cir. 2002) (per curiam) (holding that "the fact of [a] prior conviction [under § 924(c)], a standard recidivist concern, is a sentencing factor, not a separate element or offense" that must be submitted to a jury); *United States v. Campbell*, 300 F.3d 202, 212 (2d Cir. 2002) (observing that this Court "held [in *Anglin*] that the fact of a prior conviction is not an element of a § 924(c) offense").

Simmons argues that *Apprendi*'s and *Almendarez-Torres*'s holdings on this issue are no longer good law because they did not survive the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that any fact increasing the mandatory minimum sentence is an element of the crime and must be found by the jury beyond a reasonable doubt, *id*. at 2155.  *Alleyne*, however, has not altered the rule set forth in *Apprendi* and *Almendarez-Torres* that the fact of a prior conviction need not be determined by a jury.  *See Alleyne*, 133 S.

Ct. at 2160 & n.1 (declining to revisit the established rule that a judge not a jury may decide the fact of a prior conviction); *United States v. Del Rosario*, 561 F. App'x 68, 69 (2d Cir. 2014) (unpublished) (observing that *Alleyne* left intact the rule that the fact of a prior conviction need not be submitted to the jury for determination, and that, "under controlling Supreme Court precedent, the fact of a prior felony conviction may be decided by a judge . . . even if that fact increases the statutory minimum term of imprisonment to which the defendant is exposed"); *accord United States v. King*, 751 F.3d 1268, 1280 (11th Cir. 2014) ("Finding that a defendant's convictions were 'second or subsequent' is the same as finding that a defendant had a prior conviction, and the issue remains governed by *Almendarez-Torres* [and unaltered by *Alleyne*]."); *United States v. Mack*, 729 F.3d 594, 609 (6th Cir. 2013) (concluding that *Almendarez-Torres* remains binding authority notwithstanding *Alleyne* and that a jury need not find a defendant's convictions were "second or subsequent" under § 924(c)(1)(C)(i)). We are satisfied there is no reason to disturb our established case law on this issue.[4]

---

[4] To the extent Simmons argues that the district court was not permitted at sentencing to determine the separateness of his § 924(c) convictions, we disagree. We have held that "the separateness of convictions is not a fact which is different in kind from the

## II. Multiplicity of Simmons's § 924(c) Convictions

We construe Simmons's remaining arguments as asserting that the two § 924(c) convictions were multiplicitous, and, relatedly, that it was error for the court to fail to instruct the jury that proof of the violations in Counts Thirteen and Seventeen needed to be based on separate conduct and error for the court implicitly at sentencing, rather than the jury, to find that the two § 924(c) convictions were based on separate conduct.

The issue of whether the two § 924(c) convictions were multiplicitous is a question of law, which we review de novo. *United States v. Mejia*, 545 F.3d 179, 204 (2d Cir. 2008); *United States v. Wallace*, 447 F.3d 184, 186 (2d Cir. 2006). As noted, because Simmons did not object to the district court's jury charge or purported sentencing error, his challenge to each is reviewed for plain error. *Vilar*, 729 F.3d at 88; *Villafuerte*, 502 F.3d at 208.

---

types of facts already left to the sentencing judge by *Almendarez-Torres* and *Apprendi*." *United States v. Santiago*, 268 F.3d 151, 153, 156 (2d Cir. 2001) (applying *Almendarez-Torres* and *Apprendi* to 18 U.S.C. § 924(e)(1)'s mandatory minimum prison term for defendants who have three previous convictions for a violent felony or serious drug offense "committed on occasions different from one another" (internal quotation marks omitted)); *see United States v. Dantzler*, 771 F.3d 137, 144 (2d Cir. 2014) (observing that "we held in *Santiago* that the question of separateness of predicate offenses is intertwined with the fact of conviction, and because a sentencing judge was authorized to find the fact of conviction under *Almendarez-Torres* and *Apprendi*, he could also find that such convictions were separate").

A "second or subsequent" conviction under § 924(c) may be charged in the same indictment as the initial § 924(c) charge. *Deal v. United States*, 508 U.S. 129, 132-33 (1993); *see United States v. Pierce*, 785 F.3d 832, 846 (2d Cir. 2015) (observing that in *Deal*, "the Supreme Court clarified that a 'second or subsequent conviction' can arise when a defendant is charged with multiple violations of Section 924(c) in the same indictment or arising from the same proceedings," meaning that "[o]ne of the convictions is treated as the first conviction and the others are treated as 'second or subsequent'"). A "second or subsequent" conviction, however, may not be based on a single "unit of prosecution," i.e., "[w]here the government links multiple firearms to a single crime," *United States v. Lindsay*, 985 F.2d 666, 674 (2d Cir. 1993), or where a defendant is in "continuous possession of a firearm in furtherance of simultaneous predicate offenses consisting of virtually the same conduct," *Wallace*, 447 F.3d at 188 (quoting *United States v. Finley*, 245 F.3d 199, 207 (2d Cir. 2001)).

In support of his argument that the two convictions may have punished simultaneous conduct, Simmons points to the fact that the § 924(c) charge relating to the racketeering enterprise and conspiracy was linked to conduct occurring between 2006 and 2013 while the § 924(c) charge relating to the

12

narcotics conspiracy was based on conduct that occurred between 2004 and September 2011, resulting in a temporal overlap of some 5 years. Simmons also observes that the racketeering enterprise charged in Count One included as a predicate act a narcotics distribution conspiracy, while the racketeering conspiracy charged in Count Two alleged that the pattern of racketeering activity included, among other criminal acts, "dealing in a controlled substance." According to Simmons, since one of his § 924(c) convictions was based on Counts One and Two, both of which included narcotics-related predicate acts, he may have been punished twice for the same conduct because his *other* § 924(c) conviction was based on Count Twelve, which alleged a substantive narcotics conspiracy. It was therefore possible, he argues, that the jury convicted him of two § 924(c) counts based on the same underlying criminal conduct. We conclude, however, that the two § 924(c) convictions were not multiplicitous and identify no plain error in these circumstances.

The evidence showed that Simmons possessed (or aided and abetted the possession of) multiple firearms on separate occasions. Furthermore, in its summation, the Government distinguished between the firearms involved in the respective § 924(c) counts: the § 924(c) charge relating to the racketeering

enterprise and conspiracy was based on possession of the firearm discovered on Simmons when he was arrested in January 2008, the firearm he passed along in 2009, and the firearm he possessed while out with a fellow Blood on Lander St; the § 924(c) count based on possession of a firearm in connection with participation in the narcotics conspiracy was based solely on the block guns that were kept on Lander St.[5] Thus, although these incidents may have occurred within the same five-year period—or even in the same month or year—the evidence at trial, and the Government's presentation of that evidence and argument to the jury, demonstrated that the guns were neither linked "to a single crime," *Lindsay*, 985 F.2d at 674, nor based on the "continuous possession of a firearm in furtherance of simultaneous predicate offenses consisting of virtually the same conduct."[6] *Wallace*, 447 F.3d at 188 (quoting *Finley*, 245 F.3d at 207).

---

[5] It is conceivable that the racketeering-related gun alleged to have been possessed by Simmons on Lander St.—the same street where the block guns were kept—was one of the block guns that formed the basis of the narcotics-related § 924(c) charge. There were, however, two *other* guns that were also connected to the racketeering enterprise and conspiracy, neither of which had any apparent connection to the block guns.

[6] We also note that the indictment alleged that the § 924(c) charge relating to the racketeering enterprise and conspiracy was based on firearms that were used or possessed "on occasions other than those described" in the § 924(c) charge relating to the narcotics conspiracy. App'x 277-78.

Given the evidence that Simmons possessed multiple firearms on separate occasions, we conclude that there was an ample basis for the jury to convict Simmons of two separate violations of § 924(c).  *See United States v. Salameh*, 261 F.3d 271, 279 (2d Cir. 2001) (finding concerns about multiplicitous § 924(c) convictions unfounded "given the separate, and separately culpable, nature of defendants' use and carriage of the [firearms]"); *United States v. Malpeso*, 115 F.3d 155, 170 (2d Cir. 1997) (rejecting challenge to two § 924(c) convictions where evidence "established that [defendant] carried guns on several occasions" throughout charged conspiracy, leaving "no realistic possibility" that the jury conviction on both counts was based on single event).  That there was no jury instruction clarifying that the firearms subject of each § 924(c) charge must have been possessed on separate occasions does not amount to plain error.  For the same reasons, it was not plain error for the district court to find implicitly at sentencing that the two § 924(c) convictions were based on separate conduct, thereby subjecting Simmons to mandatory minimum, consecutive sentences based on a "second or subsequent" § 924(c) conviction.

## CONCLUSION

We have considered all of Simmons's remaining arguments with respect to his sentencing and find them to be without merit. For the reasons stated above and in the accompanying summary order, the judgment of conviction is **AFFIRMED.**