16-2090-cr
United States v. Williams-Bey

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand seventeen.

PRESENT: REENA RAGGI,
          SUSAN L. CARNEY,
               *Circuit Judges*,
          LEWIS A. KAPLAN,
               *District Judge*.[*]

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
          *Appellee*,

        v.                       No. 16-2090-cr

GABRIEL HORACE WILLIAMS-BEY, AKA "Money," AKA "Mugga," AKA "G Money,"
          *Defendant-Appellant*,

MELKUAN SCOTT, ARTHUR STANLEY, JEFF ANTOINE, RASHAWN DUBOSE, GREGORY THOMAS, AKA "QUANNY," AKA "JIM," TYSHAWN MCDADE, AKEEM MANOO, RICARDO HOWE, NEHELIAH BARNETT, RAYMOND RIVERA, JACKSON KYRIN-ROBERT, TAFARIE GREEN, AKA "FARIE," IRIS PEREZ, AFESHA MANOO, HORACE

---

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

STARKS, JR., JAMIE COLEMAN, ARNOLD THOMPSON, JERROD HALL, RAQUIM SMITH, AKA "RAKIM," JAMAL HOWELL, RASHAWN HILL, JASON WATSON, SHAQILLE BROWN, MICHAEL MORRISON,

*Defendants.*

------------------------------------------------------------------------

APPEARING FOR APPELLANT:     W. THEODORE KOCH III, Esq., Niantic, Connecticut.

APPEARING FOR APPELLEE:     JOHN H. DURHAM, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 20, 2016, is AFFIRMED.

Defendant Gabriel Horace Williams-Bey, who was convicted following a guilty plea of conspiracy to distribute and possess with intent to distribute crack cocaine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), 846, appeals his 96-month prison sentence as infected with procedural error insofar as the district court, in calculating drug quantity, relied on an identified cooperator's hearsay report of seeing Williams-Bey purchase a "brick" (1,000 grams), G.A. 214, of crack cocaine. Specifically, Williams-Bey argues that he was neither given notice that the government would urge the district court to find the cooperator credible based on the cooperator's testimony at a related trial over which the sentencing judge presided, nor given an opportunity to challenge that credibility. We generally review a district court's sentencing decisions only for reasonableness, applying

2

a deferential abuse-of-discretion standard to both alleged procedural and substantive errors. *See Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*). The government submits that defendant's failure to raise a notice-and-opportunity objection in the district court warrants application here of the even more deferential plain error standard of review. *See United States v. Arlene*, 835 F.3d 277, 280 (2d Cir. 2016) (requiring defendant to show that plain error affected substantial rights and seriously affected fairness, integrity, or public reputation of judicial proceedings). We need not pursue the point here because Williams-Bey's appeal fails under either standard. In explaining that conclusion, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

At the outset, we note that Williams-Bey does not—and cannot—identify inherent error in the district court's consideration at sentencing of facts disclosed by a cooperating confederate in an out-of-court statement. A sentencing court's "largely unlimited discretion to review information relevant to the defendant and his crime permits it to consider hearsay evidence," *United States v. Broxmeyer*, 699 F.3d 265, 280 (2d Cir. 2012) (internal quotation marks omitted), as well as "information gleaned from a trial in which the person to be sentenced was neither a defendant nor represented by counsel," *United States v. Cacace*, 796 F.3d 176, 191 (2d Cir. 2015) (internal quotation marks and alterations omitted). The government was not required to present this evidence at a *Fatico* hearing, particularly given defense counsel's express statement to the district court that "[t]he defense d[id] not need a Fatico hearing." G.A. 353; *see United States v.*

*Carmona*, 873 F.2d 569, 574 (2d Cir. 1989) (explaining that due process did not require that defendant be afforded confrontation or cross-examination of declarant upon whose statement district court relied at sentencing). And even if Williams-Bey had requested a *Fatico* hearing, the district court was not required to hold one if defendant otherwise had sufficient notice and opportunity to respond to the government's position. *See United States v. Broxmeyer*, 699 F.3d at 280; *accord United States v. Cacace*, 796 F.3d at 191. Williams-Bey argues that he was not afforded such notice and opportunity.

That argument is defeated by the record, which shows numerous means by which Williams-Bey was given notice that the government's drug-weight evidence rested largely on the cooperator. These included pre-trial disclosures, arguments at his guilty plea proceeding, the presentence report ("PSR"), the government's first sentencing memorandum, and the initial February 2016 sentencing proceeding. *See generally United States v. Espinoza*, 514 F.3d 209, 212–13 (2d Cir. 2008) (explaining that opportunity to review PSR prior to sentencing places defendant on notice that district court could rely thereon). Indeed, that proceeding was continued for the very purpose of giving Williams-Bey additional time to consider and respond to the government's drug-weight calculations, which the district court acknowledged were "attributed to a specific transaction by a cooperating witness." G.A. 233.

In response, Williams-Bey argues that, even if he had notice of the cooperator's statement implicating him in a 1,000-gram crack transaction, he was not given notice that the government would urge the sentencing judge to credit the cooperator based on the judge's own observation of the cooperator testifying at the trial of related defendants.

4

Indeed, Williams-Bey complains that the government never provided him with a transcript of the cooperator's testimony. The argument is defeated by *Cacace*, 796 F.3d at 191, as already discussed, and by Williams-Bey's failure, when sentencing resumed on June 8, 2016, to request a *Fatico* hearing or even the referenced transcript.

We do not pursue the point further because, even if Williams-Bey could demonstrate a due process denial as to notice, that error would be harmless. The district court did not rely on the 168–210 month Guidelines sentencing range calculated by reference to drug quantities disclosed by the conspirator. Rather, it expressly granted the variance urged by defendant, which substituted a 1:1 crack-to-powder cocaine ratio for the Guidelines 18:1 ratio. *See generally Kimbrough v. United States*, 552 U.S. 85, 103, 110–11 (2007). The plea agreement states that, if the district court applied the 1:1 ratio, "then the parties agree that the defendant's Guidelines base offense level would be 24 pursuant to the provisions of U.S.S.G. § 2D1.1(c)(8) (at least 500 grams, but less than 2 kilograms of cocaine)," which, with a downward adjustment of two levels for acceptance of responsibility, would yield a total offense level of 22. G.A. 137.[1] The district court adopted that agreement here. *See id.* at 299 (stating that it would "honor th[e] agreement of the parties" to offense level of 22). Moreover, when the court asked whether this *Kimbrough* variance mooted any drug-quantity disagreement that would have remained for the 18:1 calculation, defense counsel stated that it did. *See id.* at 296

---

[1] Williams-Bey's plea agreement anticipated a criminal history category of IV, resulting in a Guidelines range of 63–78 months. The district court, however, adopted the PSR's Criminal History Category VI recommendation, which resulted in the 84-to-105-month range within which Williams-Bey was sentenced. Williams-Bey does not here challenge this criminal history determination.

5

("[T]he amount filtered through the 1:1 ratio is kind of academic if the Court were inclined to apply [the variance]. Whether the Court finds the higher amount or lower amount, either way when you apply the 1:1 ratio, it gets funneled into the same calculation.").[2] We need not decide if this response amounted to a true waiver of a procedural error challenge to drug quantity calculations. *See United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) (discussing "true waiver"). The statement, read together with the quoted language from the plea agreement and the variance granted, supports the conclusion that the district court relied on the parties' agreement, not its own crack-quantity findings, in determining sentence. Indeed, the district court stated as much in denying Williams-Bey's Rule 35 motion, a decision not challenged on appeal. *See* G.A. 352–53 (stating that any error in relying on cooperator "had no effect" on court's determination of appropriate sentence, which was based on "parties' express stipulation in their plea agreement of the applicable drug quantity and base offense level that should apply in the event that the Court granted such a variance/departure"). Thus, because the record convincingly shows "that the district court would have imposed the same sentence in any event," the alleged notice error here was necessarily harmless. *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015).

---

[2] The district court also explained without objection at the first sentencing hearing that "[i]t appears that [the parties] agreed upon at least 500 grams for purposes of a powder cocaine calculation." G.A. 237.

6

We have considered Williams-Bey's remaining arguments and conclude that they are without merit.    Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court