16-272-cr
United States v. Almonte

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of May, two thousand seventeen.

Present:    PIERRE N. LEVAL,
            ROSEMARY S. POOLER,
            PETER W. HALL,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                                      16-272-cr

MARCO ALMONTE, aka MARCUS ALMONTE, aka MARCUS ANTONIO, aka SEALED DEFENDANT 1,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:    Marco Almonte, pro se, Otisville, NY.

Appearing for Appellee:     Richard Cooper, Assistant United States Attorney (Brian R. Blais, Assistant United States Attorney, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Failla, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Marco Almonte, proceeding pro se, appeals from the January 25, 2016 judgment of conviction of the United States District Court for the Southern District of New York (Failla, *J.*), convicting him, after a jury trial, on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The charge stemmed from Almonte's encounter with, and subsequent arrest by, Officers Hines and Cadavid as he was exiting a public park after hours, during which the officers recovered a loaded firearm from his jacket. On appeal, he challenges the district court's denial of his suppression motion, the validity of the superseding indictment, the district court's preclusion of evidence at trial, the court's response to a jury inquiry, and the procedural reasonableness of his sentence. He also raises various claims of ineffective assistance of counsel. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## I.     The Motion to Suppress

On appeal, Almonte primarily challenges the district court's denial of his motion to suppress a firearm and ammunition recovered after an encounter with Officers Hines and Cadavid. "In an appeal from a district court's ruling on a motion to suppress, we review legal conclusions de novo and findings of fact for clear error." *United States v. Freeman*, 735 F.3d 92, 95 (2d Cir. 2013). Mixed questions of law and fact are reviewed de novo. *Id.* We "pay special deference to the district court's factual determinations going to witness credibility." *United States v. Jiau*, 734 F.3d 147, 151 (2d Cir. 2013).

### A.     Findings of fact

When reviewing for clear error, we may reverse only if we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Andino*, 768 F.3d 94, 98 (2d Cir. 2014) (internal quotation marks omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012). Upon review, we conclude that the district court's factual findings were not clearly erroneous. Although Almonte correctly identifies some discrepancies between the testimony of Hines and Cadavid, these discrepancies were either reconcilable or not relevant to the district court's legal determination. Almonte further argues that the district court should have credited his affidavit testimony that, upon encountering Almonte, Hines immediately "ordered" him to stop and put his hands in the air. Appellant's Pro Se Br. at 1. However, the district court found credible the testimony of Hines and Cadavid, a finding to which we pay "special deference." *See Jiau*, 734 F.3d at 151. And because Almonte's account, which contradicted the accounts of both Hines and Cadavid, was only one of "two permissible views of the evidence," the district court's finding that Hines did not so order Almonte was not clearly erroneous. *Murphy*, 703 F.3d at 188.

B.     Legal conclusions and mixed questions

Almonte contends that the initial encounter was not consensual.  It is immaterial, however, whether the initial encounter was consensual if the officers had reasonable suspicion so as to justify a non-consensual *Terry* stop.  Almonte argues that the officers lacked reasonable suspicion to believe he was trespassing in the park after hours.  We disagree.  The park had been closed for several hours when the officers found him there.  Even if the officers lacked probable cause at that time to arrest Almonte, they had reasonable suspicion.  In any event, the district court properly concluded that he abandoned his jacket (and the firearm contained therein) before he was seized.  The firearm and ammunition recovered from Almonte's abandoned jacket did not result from his arrest.

We also reject Almonte's argument that the Government's failure to argue in its prehearing suppression briefing that the initial encounter was consensual constituted a variance from the indictment in violation of his Fifth Amendment rights and then-existing Federal Rule of Criminal Procedure 12(e).  The initial indictment did not contain any factual allegations regarding the nature of the encounter from which to vary, and Rule 12 on its face applies only to motions, not arguments by the party opposing a Rule 12 motion.

## II.     Almonte's Remaining Arguments

Almonte's remaining arguments are without merit.  First, the Government was not required to prove to the grand jury the fact of prior convictions for enhanced penalties under 18 U.S.C. § 924(e) because the fact of a prior conviction is a sentencing factor, not an element of the offense.  *See Almendarez-Torres v. United States*, 523 U.S. 224, 239–247 (1998); *see also United States v. Arline*, 835 F.3d 277, 280–81 (2d Cir. 2016).

Second, the district court did not err by precluding Almonte from attempting to demonstrate at trial that the stop was pursuant to the City's stop-and-frisk policy rather than reasonable suspicion that he was trespassing.  A district court's evidentiary rulings are reviewed for abuse of discretion, and we will reverse only for "manifest error," *United States v. Al Kassar*, 660 F.3d 108, 123 (2d Cir. 2011), evidenced by an "arbitrary and irrational" ruling.  *United States v. Daugerdas*, 837 F.3d 212, 226 (2d Cir. 2016) (internal quotation marks omitted). Here, while relevant to the district court's suppression ruling, the events leading up to the stop were not relevant to the elements the Government needed to prove at trial. Therefore, the district court did not commit error, much less manifest error, in precluding such evidence at trial.

Third, the district court did not err by refusing to allow the jurors to take the firearm into the jury room during deliberations.  A district court "enjoys considerable discretion in construing the scope of a jury inquiry and in framing a response tailored to the inquiry."  *United States v. Rommy*, 506 F.3d 108, 126 (2d Cir. 2007).  We conclude that the district court's compromise of allowing each juror to examine the firearm and jacket in open court, coupled with its admonishment that the jurors should not deliberate or have discussions while in open court, was reasonable and far from an abuse of discretion.

3

Fourth, Almonte argues that his prior state conviction for assault in the first degree did not count as a predicate offense for increasing his base offense level under Section 2K2.1(a)(4)(A) of the Sentencing Guidelines. U.S.S.G § 2K2.1(a)(4)(A). Almonte concedes that first degree assault generally counts as a predicate offense, but argues that it should not count in his case because he pleaded guilty to that offense under a theory of "acting in concert," Appellant's Pro Se Br. at 28, and, without examining the plea transcript, the district court could not establish whether he personally used force. This argument is meritless. Under New York law, anyone convicted of an offense based on accessorial conduct is liable as a principal, and Almonte was therefore liable for the use of force. *See* N.Y. Penal Law § 20.00.

Fifth, we conclude that, even if Almonte is correct that one of his prior state convictions should not have contributed to his criminal history category, any error was harmless because the district court explicitly stated that it would impose the same sentence based on the 18 U.S.C. § 3553(a) factors regardless of Almonte's criminal history category. *See, e.g.*, *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009).

Finally, Almonte raises several claims of ineffective assistance of counsel. Here, most of Almonte's contentions are fact-bound and involve extra-record conversations. Accordingly, the record on this appeal does not contain the information needed to adjudicate his claim, and we therefore decline to do so. These claims may be presented in a 28 U.S.C. § 2255 motion.

We have considered the remainder of Almonte's arguments and find them to be without merit.[1] Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We have also considered the arguments raised in the counseled brief filed on Almonte's behalf, but only to the extent that they are consistent with Almonte's arguments.

4